### 29080. TUCKER v. THE STATE.

Submitted August 9, 1974 — Decided October 25, 1974.

*James C. Carr, Jr.,* for appellant.
*Lewis R. Slaton, District Attorney, Joel M. Feldman, Assistant District Attorney, Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellee.

Grice, Chief Justice.
Dixie Tucker was tried in the Superior Court of

Fulton County before a judge, without a jury, for murder and was found guilty. Upon being sentenced to life imprisonment, he appeals from his conviction and sentence. The only error enumerated is the overruling of the motion for new trial on the general grounds.

The state's evidence showed that the appellant shot the deceased twice with a pistol while they were in a grocery store. There was no provocation for the homicide apparent to the witnesses. The appellant stated to a store employee, who detained him until the officers arrived, that the deceased had been mistreating him. The evidence showed that the deceased and the appellant both had lived in a public housing project for low income elderly persons.

A psychiatrist who examined the appellant prior to the trial gave testimony which in material part was that which follows: In his opinion the appellant was competent to stand trial. During the time he examined the appellant he offered no evidence of a delusion compulsion. He "demonstrated spotty memory, he was easily irritated and his judgment at times appeared to be somewhat defective, which seems to be evidence of senility." He was alert to his surroundings, appreciated what was happening to him, and could express himself in a coherent fashion. He did not give any information pertaining to the homicide. The witness had no opinion as to whether the appellant knew the difference between right and wrong at the time of the homicide.

The appellant testified in his own behalf. He stated that he was 84 years of age; that the deceased had repeatedly called him on the telephone, cursing him and arguing with him, had threatened to kill him; and that they had an argument the night before the homicide.

When questioned about it by his attorney, the appellant stated that he owned the building in which he lived, and that he was getting a lawyer to put the people out who lived there. He refused to answer any questions about the homicide.

The evidence was without dispute that the appellant committed the homicide with a deadly weapon. There was no evidence which would authorize a finding that he was guilty of a lesser crime than murder.

The only real question in the case was whether the appellant knew the difference between right and wrong at the time of the crime. There was no evidence that he suffered any mental impairment except senility.

The trial judge questioned the appellant to determine if he knew why he was in court, and the appellant replied that he was accused of murder.

The trial judge, who had an opportunity to observe the appellant while he was testifying, concluded that he knew right from wrong at the time of the commission of the offense. We find nothing in the record to authorize a finding contrary to that conclusion.

*Judgment affirmed. All the Justices concur.*