## 37043. STROUD v. THE STATE.

HILL, Presiding Justice.

Clayton Stroud's conviction for the murder of Charles Mutashobya and his sentence to life imprisonment were affirmed on appeal in *Stroud v. State,* 246 Ga. 717 (273 SE2d 155) (1980). In this appeal, he complains of the overruling of his extraordinary motion for new trial on the basis of newly discovered evidence, filed August 21, 1980.

As we stated in *Timberlake v. State,* 246 Ga. 488, 491 (271 SE2d 792) (1980): "The standard for granting a new trial on the basis of newly discovered evidence is well established. 'It is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: . . . (3) that it is so material that it would probably produce a different verdict . . . and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness.' [Citations omitted.] All six requirements must be complied with to secure a new trial. [Citations omitted.]" In this case

---

the trial court properly overruled the motion because the evidence is not so material that it would probably produce a different result, and more significantly, the only effect of the allegedly newly discovered evidence would be to impeach the credit of a witness.

At the trial Tonya Jean Cook, the defendant's girl friend, testified for the state that on the day of the murder the defendant drove her in her car to a barber shop to have her eyebrows arched, and that she spoke to the victim and then entered the barber shop.

A Mrs. Davis testified at trial that the defendant stopped the victim, spoke to him, pulled a pistol from the car and shot the victim. Back at Ms. Cook's apartment, the defendant made an incriminating admission to her to the effect that he had shot the victim.

Subsequently, on August 20, 1980, Ms. Cook executed an affidavit in which she stated: "I, Tonya J. Cook, would like to make a statement that I lied in my first statement saying that Clayton Stroud was the driver of my car on September 27, 1979. Clayton Stroud was not the driver of my car on September 27, 1979; I was pressured into making a statement that he was the driver. I was pressured by Detective S. Dorsey, Detective Welcome Harris, Detective Swenny, Detective Price, threatened that if I didn't say it was Clayton Stroud that I would be charged with something I didn't do." Ms. Cook renounced only that part of her testimony relating to the fact that the defendant was the driver of her car.

The trial court scheduled a hearing on the extraordinary motion for new trial for September 19, 1980. Tonya Cook appeared without her attorney, and although she took the stand and acknowledged her signature on the affidavit, she repeatedly responded to questions concerning the contents of the affidavit that she declined to testify until her attorney was present. The trial court continued the hearing until October 10, 1980. At that time, Ms. Cook appeared after consulting with her attorney. She took the stand, recanted the affidavit and reaffirmed her trial testimony. Defendant contends that his motion for new trial should have been granted because the newly discovered evidence shows that Tonya Cook gave conflicting testimony at the two motion for new trial hearings and that she would perjure herself under oath. Since this is merely impeaching the trial court did not err in overruling the motion. See *Blair v. State,* 230 Ga. 409 (7) (197 SE2d 362) (1973).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 8, 1981.

*Myra H. Dixon,* for appellant.

*Lewis R. Slaton, District Attorney, H. Allen Moye, J. Wallace Speed, Assistant District Attorneys, Arthur K. Bolton, Attorney General,* for appellee.