## 61774. BECTON v. THE STATE.

DEEN, Presiding Judge.

In his sole enumeration of error appellant contends that the trial court erred in denying his motion for a new trial because a witness, Baker, on whose testimony a substantial portion of the state's case rested, was permitted by the district attorney to testify without disclosing to the jury that he had been offered dismissal of certain criminal charges in return for his testimony. *Held:*

At the hearing on the motion, the testimony of two witnesses as to the alleged agreement between Baker and the district attorney's

office was based on hearsay and could only be admitted by the trial court at the hearing on motion for new trial for the limited purpose of determining its future use for impeaching Baker's testimony if a new trial were granted and only if Baker's testimony in the future trial is substantially the same as in the original trial. Baker did not testify at the new trial hearing. Assistant District Attorney Shelton admitted talking to the witness before trial but claimed that it was to inform him that he would be called as a witness at the trial and to caution him not to refer to Becton as a prisoner or convict. He denied that any understanding or agreement had been made as to charges pending against the witness or any member of his family. District Attorney Cole stated in his place that he had made no representation of leniency to Baker. No manifest abuse of discretion was shown. *Ferguson v. State,* 220 Ga. 364 (138 SE2d 881) (1964). *Strough v. State,* 247 Ga. 395 (276 SE2d 597) (1981). Accordingly, the trial court did not err in denying appellant's motion for new trial.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MAY 8, 1981.

*George M. Saliba,* for appellant.
*H. Lamar Cole, District Attorney, Richard W. Shelton, Assistant District Attorney,* for appellee.

*Judgment affirmed. Banke and Carley, JJ., concur.*