## 64626. DANIELS v. THE STATE.

POPE, Judge.

Appellant Daniels was indicted for the murder of Bobby Harrison and convicted of the crime of voluntary manslaughter. The pertinent facts are stated in *Daniels v. State,* 158 Ga. App. 476 (1) (282 SE2d 118) (1981), in which Daniels' conviction was affirmed by the Court of Appeals. The Supreme Court subsequently reversed in *Daniels v. State,* 248 Ga. 591 (285 SE2d 516) (1981), holding that the trial court erred in excluding certain evidence offered by Daniels. The present appeal is from the denial of Daniels' special plea of former jeopardy in a later indictment charging him with voluntary manslaughter in the death of Harrison.

1. Daniels contends that the reversal of his conviction by the Supreme Court is per se a legal barrier to his prosecution for voluntary manslaughter in Harrison's death. We do not agree. Code Ann. § 26-507 (d) (2) (now OCGA § 16-1-8(d)(2)) governs the effect of a former prosecution upon a subsequent one for the same crime based

upon the same material facts and provides that such prosecution is not barred if "[s]ubsequent proceedings resulted in the invalidation, setting aside, reversal, or vacating of the conviction, unless the accused was thereby adjudged not guilty or unless there was a finding that the evidence did not authorize the verdict." See *Keener v. State,* 238 Ga. 7 (230 SE2d 846) (1976).

Upon review of the record evidence, this court previously found "that a rational trier of fact could have found the essential elements of voluntary manslaughter from the evidence presented beyond a reasonable doubt." *Daniels v. State,* 158 Ga. App. at 477. The Supreme Court opinion reversing Daniels' conviction did not adjudge him not guilty, nor did it contain any mention of the sufficiency of the evidence to support the verdict of voluntary manslaughter. Instead, Daniels' conviction was reversed by the Supreme Court solely on the basis that the trial court erred in refusing to admit evidence regarding knife scars on Daniels' person received in a prior, unrelated incident offered in support of his claim of self-defense. The failure to admit this evidence constituted "trial error," and, as such, does not bar retrial based upon Daniels' assertion of double jeopardy. See *Hall v. State,* 244 Ga. 86 (5) (259 SE2d 41) (1979).

2. Daniels claims that prosecution for the crime of voluntary manslaughter would further violate his constitutional protection from double jeopardy because the state's "trial tactics" amounted to prosecutorial overreaching which induced the trial court to commit the error for which Daniels' conviction was reversed. "Prosecutorial overreaching has been defined as 'gross negligence or intentional misconduct'; it is any prosecutorial error that seriously prejudices a defendant and causes him reasonably to conclude that continuation of the tainted proceeding would result in his conviction." United States v. Garza, 674 F2d 396, 399 (5th Cir. 1982). By raising this argument, Daniels apparently urges this court to adopt the reasoning that the state's objection to the exhibition of Daniels' scars from a previous, unrelated stabbing constitutes such overreaching. We decline to do so as we find none of the elements of prosecutorial overreaching whatsoever in regard to the state's objection to the admission of such evidence.

3. Additionally, Daniels contends that his prosecution for voluntary manslaughter is procedurally precluded because he did not file a motion for new trial following his conviction; instead, he appealed his conviction directly to this court. This argument is without merit. " 'The true intent and meaning of [the state constitutional double jeopardy provision found in] (Code Ann. § 2-115) . . . is that one who, after conviction upon an indictment, voluntarily seeks and obtains a new trial thereon, becomes subject to

another trial generally for the offense therein charged.' *Waller v. State,* 104 Ga. 505 (1) (30 SE 835) (1898). Thus, procedurally, it matters not how a defendant obtains a new trial — by direct appeal from the judgment of conviction or after the denial of his motion for new trial, should he choose to file one." *Jackson v. State,* 154 Ga. App. 367, 368 (268 SE2d 418) (1980).

4. Daniels contends that the trial court's charge to the jury on the law of voluntary manslaughter, made on its own motion and over Daniels' objection, was unwarranted and constitutes a basis for error sufficient to preclude subsequent prosecution. As applied to the facts of his case, Daniels argues that the standard upon which the jury instruction on the law of voluntary manslaugher was justified is in conflict with that for appellate review of the evidence sufficient to support a jury verdict announced by the United States Supreme Court in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Daniels' challenge to the charge on voluntary manslaughter was raised in his initial appeal and addressed in *Daniels v. State,* 158 Ga. App. 476, 477 (2) (282 SE2d 118) (1981). In pertinent part, we reiterate the standard explained therein: " 'On the trial of a murder case, if there is any evidence to create a doubt, *however slight,* as to whether the offense is murder or voluntary manslaughter, instructions as to the law of both offenses should be given.' " (Emphasis supplied.) *Gresham v. State,* 216 Ga. 106, 108 (115 SE2d 191) (1960); *Ward v. State,* 151 Ga. App. 36 (1) (258 SE2d 699) (1979). In the case sub judice, the trial judge properly exercised his discretion in giving the charge of his own volition. We find no effect upon nor conflict between the standard to be applied by the trial court in deciding whether the voluntary manslaughter instruction is warranted and the Jackson v. Virginia standard for our appellate review of the sufficiency of the evidence to support a jury verdict.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 27, 1983 —
REHEARING DENIED FEBRUARY 10, 1983 —

*Frank K. Martin,* for appellant.
*William J. Smith, Distirct Attorney, J. Gray Conger, Assistant District Attorney,* for appellee.