### 44685. McDANIEL v. THE STATE.
(359 SE2d 642)

HUNT, Justice.

The defendant, Albert McDaniel, was convicted of the murder of Andrew Starke, and sentenced to life in prison.[1] At trial, the defendant claimed that the victim had controlled him by a voo-doo or "roots" spell over him for the past ten to twenty years and that he had to shoot the victim in order to end the spell. He contends on appeal that this evidence entitled him to his requested charge on self-defense, which the trial court refused. He also raises the refusal of the trial court to excuse the first alternate juror for cause and to give, as requested, a charge on voluntary manslaughter. We affirm.

On October 29, 1986, the defendant confronted the victim near

---

[1] The victim was killed on October 29, 1986, and the defendant was indicted on December 9, 1986. He was tried on February 18-20, 1987 and judgment was entered on February 24. His notice of appeal was filed on March 18, docketed here on May 18, and argued on July 7, 1987.

the cash registers of the Winn-Dixie store on Martin Luther King Drive in Atlanta and shot the victim in the forearm with a pistol; then, as the victim tried to run away, shot him twice more in the back. The defendant left the store and was soon apprehended by a nearby officer. While he admitted shooting the victim, the defendant, with the help of an expert witness, attempted to show that he had shot the victim in order to release himself and his family from a spell the victim had cast over them for a long period of time.

1. Viewing the evidence in a light most favorable to the jury verdict, we find that a rational trier of fact could have found the defendant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his first enumeration of error, the defendant contends that the trial court erred in refusing to excuse the first alternate juror for cause. On the opening day of the trial, the jury was selected, including two alternates, and court was recessed. The next morning, the sheriff reported to the court that one of the jurors appeared to be intoxicated. After further investigation, that juror was excused and the first alternate called. OCGA § 15-12-172. He expressed reservations about sitting on the jury both because he had something else to do and "because I feel that — the way that the jury appeared to be selected seems unfair or lopsided and therefore I might be biased against the defense." He, however, unequivocally stated that he could consider the evidence presented and the law as charged by the court and lay aside his opinion of the defense lawyer in determining the outcome of the case. No evidence was produced to show that this juror was incapable of rendering an impartial verdict. It therefore follows that the trial court did not abuse its discretion in refusing to excuse him for cause. *Welch v. State,* 237 Ga. 665, 671 (229 SE2d 390) (1976).

The defendant argues, nevertheless, that he was unduly prejudiced here where the jury had already been selected, as he was deprived of the right to exercise a peremptory strike, which would in the ordinary selection process have been available to him where a challenge for cause was refused. Such an argument was not made to the trial court and we are not aware of any binding or persuasive authority for the proposition that unused peremptory strikes should be available under these circumstances after the jury has been selected and sworn. Compare *White v. State,* 154 Ga. App. 527 (268 SE2d 790) (1980). See generally Annot., 3 ALR2d 499, 513 (Later Case Service). After the jury is empaneled, the trial court may or may not excuse and replace jurors for cause as the need arises, OCGA § 15-12-172, and the standard for excusing a juror for cause would be the same whether it occurred during or after the selection process. We find no error.

3. The court's instructions on the offense of voluntary man-

slaughter and its relation to the offense of murder, while not in the exact language requested by the defendant, were nonetheless sufficient. E.g., *Kelly v. State,* 241 Ga. 190, 192 (243 SE2d 857) (1978). The charge, taken as a whole, presents no cause for reversal. *Williams v. State,* 249 Ga. 822, 825 (295 SE2d 293) (1982).

4. The defendant also claims the trial court erred in refusing to charge on self-defense. He contends the evidence presented by him that he shot the victim after a lengthy period of fear and intimidation supports his argument that he acted in self-defense.

As we view it, the refusal to charge self-defense was proper. Self-defense involves a reasonable belief that deadly force against the defendant or a third person is imminent. There was no evidence of any conduct on the part of the victim at the time of the shooting which could have been interpreted by the defendant as a threat of imminent bodily harm. Nor did the evidence suggest any apprehension on the part of the defendant that the victim was about to harm him at the time of the shooting. Charges on malice and on motive and intent were given by the trial court and the defendant's position as to why the shooting occurred was fairly presented to the jury. We find no reversible error.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 8, 1987.

*Franklin N. Biggins,* for appellant.

*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Assistant Attorney General,* for appellee.

