A90A1211. GALLAGHER v. THE STATE.
(395 SE2d 358)

DEEN, Presiding Judge.

Appellant Gallagher first met the child-victim and her parents when they became his patients at the public clinic operated by the chiropractic college where he was a student. After graduation Gallagher moved to another state but returned to Georgia to take his National Board examinations, and was the house guest of the victim's family. The child-molestation incident which led to Gallagher's arrest and the proceedings below occurred during that time.

At trial the child's mother testified that the daughter had told her of the alleged molestation the morning after it took place, and

that the child had thereafter steadfastly refused to allow their guest, whom she had always liked, to come near her. The child testified, after a competency hearing, that after she had gone to bed, appellant had touched her genital area with his hand and his penis. She demonstrated the details of the incident with anatomically correct dolls. The physician who examined the child four days after the incident testified that her findings were consistent with sexual molestation.

A Cobb County jury found appellant guilty as charged, and he was sentenced to fifteen years' imprisonment. After denial of his motion for new trial he has appealed to this court, enumerating as error the trial court's ruling that the seven-year-old victim was competent to testify. *Held*:

Our examination of the trial transcript reveals no error in the proceedings below. During the competency hearing the child demonstrated clearly that she understood the difference between the truth and a lie, understood the consequences of telling lies and telling the truth, and also understood that she was obligated to tell the truth. See, e.g., *Hester v. State*, 187 Ga. App. 873 (371 SE2d 684) (1988); *Akers v. State*, 179 Ga. App. 529 (346 SE2d 861) (1986); *Bearden v. State*, 159 Ga. App. 892 (285 SE2d 606) (1981). Appellant's assertion that the child-witness in the instant case was incompetent because she did not know the historical or epistemological significance of placing one's hand on the Bible, and did not know specifically what would happen to her if she lied in court, has no bearing upon the determination of competency.

OCGA § 24-9-7 vests the trial court with discretion to determine the competency of witnesses, and, absent abuse, that discretion will not be overruled. *Lancaster v. State*, 250 Ga. 871 (301 SE2d 882) (1983); *Pope v. State*, 167 Ga. App. 328 (306 SE2d 326) (1983). We find no abuse of discretion here.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED JUNE 19, 1990 —
REHEARING DENIED JUNE 28, 1990 — CERT. APPLIED FOR.

*Hylton B. Dupree, Jr., A. Gregory Poole*, for appellant.
*Thomas J. Charron, District Attorney, Rose L. Wing, Nancy I. Jordan, Assistant District Attorneys*, for appellee.

