A90A1271. GREEN v. THE STATE.
(397 SE2d 590)

BEASLEY, Judge.

Green was convicted of two counts of aggravated assault, OCGA § 16-5-21 (a) (2), and possession of a firearm by a convicted felon, OCGA § 16-11-131.

1. Appellant contends that the trial court erred in failing to give his request to charge on insanity because this was his sole defense and there was evidence justifying the charge.

Contrary to appellant's contention there was no evidence that he was less than legally sane at the time of commission of the crimes. "Legal 'insanity' relates only to the ability of a defendant to distinguish between right and wrong, and whether he had a delusional compulsion which overmastered his will. [Cits.]" *Echols v. State*, 149 Ga. App. 620, 621 (2) (255 SE2d 92) (1979). OCGA §§ 16-3-2; 16-3-3.

Appellant's own testimony about the incident and the circumstances leading up to it eliminated an insanity defense: After only four or five days of marriage, appellant and his wife stopped living together and she began staying at her parents' house. He suspected

her of being on drugs and of running around on him. He visited her often at her parents' home. He would sometimes spend the whole night clandestinely observing the house. He filed for divorce and then stopped the proceeding when his wife said she would straighten out her life. When she did not, appellant again filed for divorce.

Appellant saw a man getting out of his wife's car, and it made him a "little upset" and "confused." He went to meet her as she was picking up her son from school to talk to her about seeing her with the other man. Appellant did not "feel good" when his wife failed to stop the car and talk with him. He claimed that his wife accidentally "bumped" his car with her rental car. After this, he pulled his car up beside hers, pulled out a .32 caliber revolver and fired twice at his wife, wounding her with one of the shots. He maintained that he was shooting at her merely to scare her and get her to stop her car. He said he was not "thinking right" and was "confused and upset." However, he admitted that at the time he knew he was shooting at his wife, knew that it was wrong, and knew that by shooting in the car there was a good chance he might hit somebody, including accidentally hitting his wife's young son.

The State introduced evidence that after the shooting, appellant went to the local sheriff's department and told a deputy that he had been having problems with his wife running around on him and that he had shot at her.

Appellant urges that his behavior leading up to the shooting, i.e., his belief that his wife was seeing other men and on drugs, his surveillance of his wife, and his believing that he heard the sound of beepers and guns being cocked when he visited his wife at his in-laws was evidence of his insanity at the time of the shooting. Even if the behavior could have been construed as more than jealousy and suspiciousness so as to amount to mental abnormality, such abnormality "is not a defense to a crime unless it amounts to insanity. [Cits.]" *Dennis v. State*, 170 Ga. App. 630, 631 (2) (317 SE2d 874) (1984). Even a delusion of a spouse's infidelity is not enough to prove insanity, where the defendant knew right from wrong. See *Salter v. State*, 257 Ga. 88, 89 (1) (356 SE2d 196) (1987).

"Notwithstanding defendant's contention that [insanity] constituted his sole defense, the trial court was not required to give a charge thereon since it was not authorized by the evidence. See *Sapp v. State*, 155 Ga. App. 485, 486 (271 SE2d 19) [1980]; *Gunter v. State*, 155 Ga. App. 176 (3) (270 SE2d 224) [1980]." *Young v. State*, 163 Ga. App. 507, 508 (3) (295 SE2d 175) (1982).

2. Appellant contends that the court erred in failing to appoint an independent psychiatrist or psychologist prior to trial.

Two weeks before trial, defendant filed a "Defendant's Plea of Not Guilty by Reason of Insanity and Request for Psychiatry Exam"

asserting that at the time of the shooting, he had lost all ability and intellectual power to distinguish between right and wrong. Before the trial started, the court conducted a hearing on the request and overruled it after concluding that there was nothing unusual about the nature of the offenses charged, that defendant's supportive evidence showed that he was a jealous husband, that defendant presented no evidence of previous mental problems or of any mental problems at the time of trial, and that there was no evidence that insanity would be a defense or even a significant factor. In addition, the court found other cause to overrule the request in defendant's failure to comply with the Uniform Superior Court Rules regarding timely notice of his intent to raise an insanity defense and that there had been no actual plea of not guilty by reason of insanity.

Pretermitting questions about the lack of an actual plea and compliance with the uniform rules, defendant's evidence in support of his request for psychiatric evaluation did not demonstrate that his sanity at the time of the offenses was to be a significant factor at trial. See *Scott v. State*, 177 Ga. App. 474 (1) (339 SE2d 718) (1985). It was substantially the same as he later introduced at trial, i.e., merely his observations and suspicions about his wife's behavior. "[A]n accused's request for a psychiatric evaluation [when there is a general plea of not guilty by reason of insanity] lies within the sound discretion of the trial court. The trial court's ruling will not be interfered with absent a showing of abuse of that discretion which defendant has failed to do in this case." *Duck v. State*, 250 Ga. 592, 596 (2) (b) (300 SE2d 121) (1983).

*Judgments affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 19, 1990.

*Don E. Snow*, for appellant.
*W. Fletcher Sams, District Attorney, J. David Fowler, Assistant District Attorney*, for appellee.