S94A0109. BROOMFIELD v. THE STATE.
(442 SE2d 242)

BENHAM, Presiding Justice.

This appeal is from appellant's conviction of malice murder, for

which he was sentenced to life imprisonment.[1]

1. Testimony at trial authorized the jury to find the following sequence of events occurred. Appellant and his co-defendants were asked to leave a party at a business establishment because co-defendant Smith[2] had become violent. As a fight broke out between appellant's co-defendants and the hosts and guests of the party, appellant went to his car and retrieved an aluminum baseball bat. On his way toward the fight, announcing his intention to kill someone, appellant used the bat to break a car windshield. When the victim stepped out of the building, appellant hit him in the head with the bat, knocking him to the ground. As the victim lay on the ground, appellant beat him in the head with the bat while Smith beat him with a piece of lumber. The beating left the victim bleeding and convulsing. As the victim was carried back into the building, appellant smashed the window of the establishment with the bat and then drove away quickly with his co-defendants as police cars neared the area. The victim died three days later from head injuries inflicted by the bat and the lumber. The evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. During the trial, the State requested the entry of a nolle prosequi with regard to co-defendant Johnson. The indictment alleged that Johnson had contributed to the killing by repeatedly kicking the victim in the head, but the State conceded that it would not be able to prove that because the only witness who would testify about Johnson's participation had been effectively impeached by admitting that he had told the police a different story after the altercation. The trial court required the State to finish presenting its case against all three defendants, which included the testimony of a medical examiner that the victim's fatal injuries were consistent with having been beaten with a bat and a board, but not with being kicked. After the State rested its case, the trial court, with Johnson's consent, entered the nolle prosequi, which appellant has enumerated as error.

The question of whether a criminal defendant has standing to object at trial to the entry of a nolle prosequi as to a co-defendant, or to enumerate that decision as error on appeal, is one of first impression in Georgia and we have found no guidance in the reported opinions of other jurisdictions. There is, however, clear authority in Geor-

---

[1] The murder occurred on July 29, 1990. Appellant and two co-defendants were indicted for murder and felony murder on September 4, 1990, and were tried on that indictment on March 23-27, 1992, resulting in a verdict finding appellant guilty of murder. Appellant's motion for new trial, filed on April 3, 1992, was denied on May 14, 1993. His notice of appeal was filed June 11, 1993; the case was docketed in this court on October 22, 1993; and the appeal was submitted for decision on December 3, 1993.

[2] Smith was convicted of aggravated assault at his joint trial with appellant.

gia regarding the division of responsibility for entering nolle prosequi.

> It is the duty of the district attorney to determine whether it is in the public interest to recommend to the court that a case be nol-prossed. [Cit.] When a recommendation is made that an indictment be nol-prossed, it is within the discretion of the trial court whether to follow the recommendation. [Cit.]

*State v. Davis*, 159 Ga. App. 537 (1) (284 SE2d 51) (1981). There is also statutory authority concerning a defendant's rights in the context of the entry of nolle prosequi with regard to a charge against the defendant:

> After an examination of the case in open court and before it has been submitted to a jury, the prosecuting attorney may enter a nolle prosequi with the consent of the court. After the case has been submitted to a jury, a nolle prosequi shall not be entered except by the consent of the defendant.

OCGA § 17-8-3. While that statute clearly establishes the authority of the prosecuting attorney and court and the right of the defendant involved, it gives no right to a co-defendant to have a voice in the decision of whether to enter a nolle prosequi.

The situations most closely analogous to that of a defendant asserting harm from the entry of nolle prosequi with regard to a co-defendant would be those in which a defendant wishes to prevent either the severance of a co-defendant's trial or the grant of a directed verdict to a co-defendant, either of which occurrences would leave the defendant facing the jury alone. We are aware of no authority, and appellant has cited none, giving one defendant in a multi-defendant trial the right to oppose a co-defendant's motion for severance. The statute governing severance of criminal trials, OCGA § 17-8-4, gives an absolute right of severance to defendants against whom the death penalty is sought and gives a limited right of severance to all other defendants. However, the statute neither mentions any right to oppose a co-defendant's request for severance nor provides a statutory procedure pursuant to which a defendant may seek the joinder of another defendant's trial. Similarly, OCGA § 17-9-1 sets out the circumstances in which a defendant may request and receive a directed verdict of acquittal, but is silent with regard to opposition by a co-defendant. Cf. *Mathis v. State*, 204 Ga. App. 896 (3) (420 SE2d 788) (1992). It is apparent that the legislature and the courts have regarded decisions concerning severance and directed verdicts of acquittal as involving the court and the individual defendant, but not co-defendants.

We conclude that the same approach is appropriate to decisions concerning the entry of a nolle prosequi, i.e., that whether to enter a nolle prosequi after the case has been submitted to a jury is a decision for the prosecutor, the trial court, and the defendant as to whom the entry of nolle prosequi is contemplated, but not for a co-defendant. Therefore, insofar as appellant's appeal concerns the decision on whether to consent to the entry of nolle prosequi, it presents no issue for this court to review.

3. Our conclusion that appellant has no standing to complain of the trial court's decision to consent to the entry of nolle prosequi to appellant's co-defendant does not mean that he cannot complain of the manner in which the situation was handled in the trial court. If, for instance, a trial court explained the decision to nolle prosequi one co-defendant's charge in such a way that the court expressed an opinion as to what was proved, the remaining defendant would certainly have a meritorious complaint on appeal. The only prejudice alleged by appellant in the present case is his bare assertion that the jury could conclude from the removal of the co-defendant from the trial that appellant and the remaining co-defendant must be guilty. Our review of the record, however, reveals that the trial court carefully instructed the jury to avoid just such an inference. The jury was informed that the court had made a ruling, as a result of which one of the defendants was no longer a party to the case. The trial court emphasized that the reason was not important to the jury's consideration and that it was not to draw any harmful inference from that defendant's absence regarding the guilt or innocence of the remaining defendants. Those instructions were sufficient to avoid prejudice to appellant.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 2, 1994.

*Clyde M. Urquhart, O. Brent Green,* for appellant.
*Glenn Thomas, Jr., District Attorney, C. Keith Higgins, Assistant District Attorney, Michael J. Bowers, Attorney General, Matthew P. Stone, Assistant Attorney General,* for appellee.