S95A0559. ANDREWS et al. v. WILBANKS.
(458 SE2d 817)

BENHAM, Presiding Justice.

Dorothy Thompson Bagwell died in 1993 after executing a will in 1986 by which she bequeathed one-half of her estate to be divided among two greatnieces and a greatnephew (the Andrewses), with the remaining half of her estate bequeathed to appellee W. P. Wilbanks, an attorney who had been appointed guardian of the testatrix's person and property in August 1983. When the 1986 will was offered for probate in solemn form, appellants filed a caveat alleging that the testatrix lacked testamentary capacity and that the will was the product of undue influence. Appellants asserted that Wilbanks, while in a fiduciary relationship with the testatrix as her guardian, engaged in a pattern of deception by appearing to visit the testatrix frequently out of kindness and to tend to her wants and needs while, unbeknownst to the testatrix, he was charging her estate as guardian for the time spent visiting her and tending to her needs. In order to show at trial that this purported pattern of deception resulted in appellee's exer-

tion of undue influence over the testatrix, appellants filed a motion in limine asking the probate court to permit evidence showing the amount of compensation Wilbanks had received as the testatrix's guardian, the basis for that compensation, and that the testatrix was not aware of the basis or the amount of the fees paid to Wilbanks. The probate court authorized the admission of evidence that Wilbanks had received compensation for his services as guardian, but ruled inadmissible evidence regarding the amounts Wilbanks received, the basis for determining the fees received, as well as evidence tending to show that the testatrix was not aware of the amount or basis for determining her guardian's compensation. We granted appellants' application for interlocutory review.

A motion in limine is a pretrial method of determining the admissibility of evidence, as a party may secure a pretrial ruling on the admissibility of evidence or a ruling prohibiting any reference to certain evidence until its admissibility can be assessed in the context of the trial as it unfolds. *State v. Johnston*, 249 Ga. 413 (3) (291 SE2d 543) (1982). By its very nature, the grant of a motion in limine excluding evidence suggests that there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial. See Green, Georgia Law of Evidence, p. 26, § 12, n. 5. In light of that absolute, the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care. Under the particular facts and circumstances of this case, we conclude that the probate court abused its discretion when it determined in limine that evidence regarding the amounts Wilbanks received as guardian and the basis for determining the fees so received, as well as evidence tending to show the testatrix was not aware of the amount or basis of the guardian's compensation, was inadmissible.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Hunt, C. J., and Sears, J., who concur specially, and Fletcher, J., who concurs in the judgment only.*

SEARS, Justice, concurring specially.

The majority reverses the judgment of the trial court in this case because the court abused its discretion in determining the admissibility of the evidence in question by motion in limine. I disagree with this holding for two reasons. First, the appellants requested the trial court to determine the admissibility of the evidence in limine, and they should not be permitted to obtain a reversal on appeal based on an error they induced at trial. Moreover, contrary to the majority, I cannot conclude that under the facts of this case the trial court erred procedurally by ruling on the admissibility of the evidence in limine. On the merits, however, I find that the evidence in question was admissible at trial, and I would hold that the trial court erred in ruling

otherwise on the motion in limine. I therefore concur specially in the judgment of reversal.

I am authorized to state that Chief Justice Hunt joins in this special concurrence.

DECIDED JUNE 30, 1995.

*Sutherland, Asbill & Brennan, John H. Fleming, Bruce A. Denning, Thomas W. Curvin,* for appellants.
*Andersen, Davidson & Tate, Gerald Davidson, Jr., Jonathan D. Crumly,* for appellee.