## S97A0860. WEEMS v. THE STATE.
(485 SE2d 767)

CARLEY, Justice.

As he drove by in his van, Glen Weems fired shots at a group of people who were standing in front of a residence. The shots killed a seven-year-old and wounded a two-year-old, a ten-year-old and a seventeen-year-old. A jury found Weems guilty of felony murder and three counts of aggravated assault. In *Weems v. State,* 262 Ga. 101 (416 SE2d 84) (1992), we affirmed the judgments of conviction and sentences entered on the guilty verdicts, but remanded to the trial court for a hearing on Weems' *Batson* claim. Finding that claim to be meritorious, the trial court granted a new trial. At the retrial, a jury again found Weems guilty of felony murder and three counts of aggravated assault. For the felony murder, the trial court sentenced Weems to life and, for the aggravated assaults, it sentenced him to 15-year terms. After the denial of his motion for new trial, Weems appeals and raises some 72 enumerations of error.[1]

1. According to Weems, he was beaten by drug dealers, but escaped and fired the shots only in self-defense after the drug dealers renewed their attack on him. According to the State's evidence, however, Weems was involved in a prior dispute over drugs and subsequently sought revenge by committing the drive-by shootings. The evidence produced by the State was sufficient to authorize a rational trier of fact to find proof of Weems' guilt of the felony murder and aggravated assaults beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Weems v. State,*

---

[1] The crimes were committed on November 12, 1989 and the grand jury indicted Weems for those crimes on April 10, 1990. Acting pursuant to this Court's remand, the trial court granted Weems' motion for new trial on November 20, 1992. At the retrial, the jury returned its guilty verdicts on May 11, 1994 and, on that same day, the trial court entered its judgments of conviction and sentences. Weems filed his motion for new trial on May 17, 1994 and the trial court denied that motion on December 30, 1996. Weems filed his notice of appeal on January 23, 1997 and the case was docketed in this Court on March 6, 1997. Oral argument of the appeal was heard on May 12, 1997.

supra at 101 (1).

Weems urges that he nevertheless is entitled to a new trial because of newly discovered evidence. It appears that, after the retrial, Officer Edgar Allen, who participated in the arrest of Weems and testified for the State, was convicted of accepting bribes from drug dealers. This subsequent conviction of Officer Allen is not newly discovered evidence which has any direct bearing on whether Weems fired in self-defense rather than revenge. Instead, it is a subsequent occurrence which relates solely to the general credibility of Officer Allen's prior testimony. A new trial is not authorized where the only effect of the alleged newly discovered evidence would be to impeach the credibility of a witness. *Stroud v. State*, 247 Ga. 395 (276 SE2d 597) (1981). This is true even though the witness whose credibility would be impeached gave the only testimony on some vital point in the case. *Johnson v. State*, 196 Ga. 806 (1) (27 SE2d 749) (1943).

2. Weems urges that prosecutorial misconduct at his first trial bars his retrial on double jeopardy grounds. "[P]rosecutorial misconduct which deprives the defendant of due process of law causes the conviction to be set aside but does not preclude further proceedings against the defendant." *Fugitt v. State*, 253 Ga. 311, 316 (319 SE2d 829) (1984). There is a "narrow exception" where the prosecutorial misconduct was intended to goad the defendant into moving for a mistrial. *Fugitt v. State*, supra at 315. However, Weems' first trial did not end with the grant of a defense motion for mistrial based upon prosecutorial misconduct. The first trial ended in convictions which were set aside only on the basis of the trial court's determination that it had erred in failing to sustain Weems' *Batson* motion. "The general rule is that retrial of the defendant is not barred where reversal of the conviction results from trial error rather than evidentiary insufficiency. [Cits.]" *Williams v. State*, 258 Ga. 305, 311 (1) (369 SE2d 232) (1988). Because Weems' original convictions were reversed on the basis of trial error, his retrial does not constitute double jeopardy. See generally *Daniels v. State*, 165 Ga. App. 397, 397-398 (1, 2) (299 SE2d 746) (1983).

3. Several enumerations of error relate to the trial court's refusal to admit expert testimony as to Weems' "catastrophic reaction" to the beating he suffered prior to the shootings. Other than his legal insanity, Weems' mental state at the time of the shootings was irrelevant to his guilt or innocence. *Selman v. State*, 267 Ga. 198, 200 (3) (475 SE2d 892) (1996); *Tucker v. State*, 233 Ga. 107 (209 SE2d 646) (1974); *Green v. State*, 197 Ga. App. 16 (1) (397 SE2d 590) (1990). There is nothing to suggest that Weems' purported "catastrophic reaction" to the previous beating was probative of his legal insanity at the time of the subsequent shootings. Weems admitted that he intentionally fired shots, but contended that he did so only in self-

defense. The excluded expert testimony as to Weems' "catastrophic reaction" to the previous beating was not admissible to illustrate the subsequent justification for Weems' intentional act of driving by and firing into a crowd which included innocent children. *Selman v. State*, supra at 200 (3); *McDaniel v. State*, 257 Ga. 345, 347 (4) (359 SE2d 642) (1987); *McDonald v. State*, 170 Ga. App. 884, 885 (2) (318 SE2d 749) (1984). Compare *Smith v. State*, 247 Ga. 612 (277 SE2d 678) (1981) (justification predicated upon repeated acts of prior aggression committed against the defendant by the actual victim). Whether, under the circumstances then existing, it was reasonable for Weems to believe that firing his gun was necessary to prevent his death or great bodily injury was not beyond the ken of the average juror. Based upon the circumstances of the drug dealers' alleged renewal of their attack, rather than expert testimony regarding Weems' "catastrophic reaction" to the prior beating, the jury was authorized to determine whether the act of firing into the crowd of people met the "reasonable person" standard. See generally *Daniels v. State*, 248 Ga. 591, 593 (1) (285 SE2d 516) (1981).

4. Weems urges that it was error to preclude him from testifying as to his own "catastrophic reaction" to the beating. As discussed in Division 3, Weems' "catastrophic reaction" to the prior beating was irrelevant to his justification defense. Any evidence in that regard would be no less irrelevant simply because it came from Weems, rather than an expert witness. What was relevant was the circumstances of the alleged renewed attack upon Weems which he contended was the justification for the shots he intentionally fired. See *Daniels* , 248 Ga., supra. Weems was not precluded from testifying as to those relevant circumstances.

5. Weems urges that the trial court erred by refusing to take judicial notice of the fact that, on the day in November 1989 when the shootings occurred, the weather was unusually warm. Courts will generally take judicial notice of a fact of common knowledge that all men of average intelligence are presumed to know and that is certain and indisputable. *In the Interest of S. M.*, 169 Ga. App. 364, 366 (1) (312 SE2d 829) (1983). Because of the fluctuating nature of the weather, however, the weather on any particular day in the past is not the type of fact normally subject to judicial notice. See generally *Read v. Benedict*, 200 Ga. App. 4, 8 (3) (406 SE2d 488) (1991). Assuming that the weather conditions on the date of the shootings had any relevancy to Weems' guilt or innocence, he should have produced evidence in that regard, rather than requesting that the trial court take judicial notice thereof.

6. Over the objection that he was "too young," one of the aggravated assault victims was called as a witness for the State. This witness, who was two years old at the time of the crime and six years old

at the time of retrial, testified that he would "go to jail" and "get in trouble" if he told a lie. Accordingly, there was no abuse of discretion in the trial court's determination that the victim was competent to testify. *Gallagher v. State*, 196 Ga. App. 153 (395 SE2d 358) (1990). Moreover, the entirety of the witness' testimony on direct consisted of his statement that he remembered being shot in the leg. Since nothing in the witness' testimony on direct implicated Weems as the shooter, the trial court's determination that the witness was competent to testify could not have been harmful in any event.

7. Pursuant to a motion in limine, Weems sought a pre-trial ruling that certain testimony presented at the first trial, if offered at retrial, would constitute inadmissible hearsay or speculation. The trial court refused to grant Weems' motion, holding that it would not be possible to determine the admissibility of the testimony except in the "context in which it's given." The trial court's ruling was not erroneous. *Andrews v. Wilbanks*, 265 Ga. 555 (458 SE2d 817) (1995). Moreover, Weems has not shown that any of the testimony which he sought to have excluded was, in fact, admitted at the retrial.

8. Weems filed a motion to compel one of the aggravated assault victims to undergo surgery for the removal of the bullet. Weems enumerates as error the denial of this motion, but, in *State v. Haynie*, 240 Ga. 866, 868 (242 SE2d 713) (1978), we held that "[t]he Fourth Amendment right of the victim to be secure against an unreasonable search must prevail over the right of the accused to obtain evidence for his defense." It would be an unreasonable search, violative of the Fourth Amendment, to require that the victim of a crime undergo surgery against his will, "even if medical testimony could be produced that the operation would not be dangerous to his health." *State v. Haynie*, supra at 868.

9. The State withdrew its original notification of intent to seek the death penalty. Because the State's decision in this regard was totally irrelevant to the question of guilt or innocence, the trial court properly refused to allow Weems to inform the jury thereof. See *Davis v. State*, 255 Ga. 598, 614 (24) (340 SE2d 869) (1986).

10. That Weems' counsel at the first trial is now the district attorney is not a viable ground for the grant of a new trial, because there is nothing to suggest that he represented the State at Weems' retrial. Compare *Lane v. State*, 238 Ga. 407, 408 (4) (233 SE2d 375) (1977).

11. A significant number of Weems' enumerations of error relate to issues which were never raised in and ruled on by the trial court. Conceding that appellate consideration of these issues normally would be procedurally barred, Weems invokes the "plain error" rule. However, this Court has not adopted the "plain error" rule in non-death penalty cases. *Owens v. State*, 263 Ga. 99, 101 (2) (428 SE2d

793) (1993). Moreover, Weems has failed to demonstrate how any of these issues, none of which was deemed important enough to raise at trial, " 'seriously affect(ed) the fairness, integrity, and public reputation' of the trial. . . ." *Owens v. State,* supra at 102 (2).

12. Remaining enumerations of error 7, 9, 10, 11, 13, 14, 16, 17, 18, 20, 21, 22, 23, 27 and 30 set forth in the Enumeration of Errors filed with the record in this case have been considered and each has been found to be abandoned, without merit or moot.

*Judgments affirmed. All the Justices concur.*

SEARS, Justice, concurring.

Generally, a brief raising close to 100 enumerations of error is as useful to this Court as a cast iron parachute, as it is a rare case indeed which contains that many meritorious issues worthy of this Court's review. Moreover, raising a profusion of enumerations potentially might obscure the viable ones. I am confident that did not occur in this case, however, and I concur fully in the majority opinion.

DECIDED JUNE 2, 1997 —
RECONSIDERATION DENIED JUNE 30, 1997.

*Mark V. Clark,* for appellant.

*Paul L. Howard, District Attorney, Carl P. Greenberg, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.