S02A0143. SWAIN v. THE STATE.

(563 SE2d 122)

SEARS, Presiding Justice.

The appellant, Ricky Swain, appeals from his convictions for the felony murder of Samuel Tucker; for the armed robbery of Pascal

Greene, Octavia Shellington, and Tucker; for the aggravated assault of Shalawn Shellington; for the burglary of the home of Shalawn Shellington; and for the possession of a firearm during the commission of a crime.[1]

1. The evidence shows that about 1:00 a.m. on December 5, 1995, Octavia Shellington and Samuel Tucker were talking in Tucker's parked car outside the residence of Shalawn Shellington (Octavia's sister) and Pascal Greene. As Octavia and Samuel Tucker talked, a masked man in dark clothing approached and asked for a light. When Tucker said he did not have one, the man pulled out a gun, demanded Tucker's money, and, upon receiving the money, made Tucker and Octavia exit the car and lie on the ground. The gunman then took Octavia's jewelry from her. Before the jewelry was taken, a second masked man, with a gun similar to that of the first man, entered Shalawn's house. Octavia testified that the first man then forced Tucker and Octavia to enter the house and go into Shalawn's bedroom where Shalawn and Greene had been awakened. One of the men pulled Greene from the bed, hit him on the head with a gun, and took his money. The men then told Tucker and Octavia to lie on the bed with Shalawn and all were warned against looking at the intruders. While one man escorted Greene around the house to look for money and jewelry, the other man remained in the bedroom to guard the three people on the bed. Against earlier warnings, Tucker looked at the man guarding the bedroom, and the man shot Tucker in the head, killing him.

Greene testified at trial that he knew the masked men were Swain and Jesse Butler. In a sworn statement made on January 10, 1996, Swain stated that he and Butler were the masked men, and that Butler shot Tucker.

Having reviewed the evidence in the light most favorable to the verdict, we conclude that the evidence was sufficient to enable a

---

[1] The crimes occurred on December 5, 1995, and Swain was indicted on September 18, 1996. The jury returned its verdicts of guilty on April 17, 1997. On April 21, the trial court sentenced Swain to life in prison for felony murder; to a concurrent term of life in prison for the armed robbery of Pascal Greene; to a consecutive term of life in prison for the armed robbery of Octavia Shellington; to a concurrent term of life in prison for the armed robbery of Samuel Tucker; to a concurrent term of twenty years in prison for the aggravated assault of Shalawn Shellington; to a concurrent term of twenty years in prison for the burglary of the home of Shalawn Shellington; and to a consecutive term in prison of five years for the possession offense. Swain filed a motion for new trial on May 13, 1997, and the court reporter certified the trial transcript on December 30, 1998. The trial court appointed Swain new appellate counsel on May 17, 2000, and Swain filed an amended motion for new trial on August 7, 2000. The trial court denied Swain's motion for new trial, as amended, on May 8, 2001, and Swain filed a notice of appeal to the Court of Appeals on June 6, 2001. The Court of Appeals transferred the appeal to this Court on September 5, 2001, and the appeal was docketed in this Court on October 15, 2001. The appeal was submitted for decision on briefs on December 10, 2001.

rational trier of fact to find Swain guilty beyond a reasonable doubt of the crimes for which he was convicted.[2]

2. Swain was jointly indicted with Butler and a man named Gregory Thomas for the crimes in question. The co-defendants filed motions to sever, but the trial court denied the motions. After jury selection, however, the State agreed to sever the trials if the co-defendants still wanted to do so, and the State informed the court that it would try Swain first. Butler elected a separate trial, but Thomas did not. Swain objected to proceeding to trial with the jury that had been chosen, contending that he had had to share his jury strikes with Butler, and that he was entitled to a new jury selection. The trial court decided to proceed with the jury that had been selected. After the state rested its case, the trial court granted a directed verdict in Thomas's favor.

On appeal, Swain contends that the trial court erred in requiring him to proceed to trial with the jury that was jointly selected with Butler. More specifically, Swain contends that the fact that the jury was jointly selected with Butler denied him his right to a fair and impartial jury, and in this regard, he contends that the jury was not fair and impartial because a jury chosen by two defendants would be different from a jury chosen by one defendant. Swain further argues that the situation was exacerbated when he was left to face the jury alone after Thomas was granted a directed verdict. We find no error.

First, the mere fact that a jury chosen by two defendants would differ from a jury chosen by one defendant does not deny a defendant a fair and impartial jury. If it did, then joint trials would effectively be prohibited, as a joint trial would deny a defendant a fair and impartial jury under Swain's rationale, since defendants are required to share peremptory challenges in selecting the jury. See OCGA § 17-8-4.[3] The fact that § 17-8-4 and cases[4] interpreting that code section approve joint trials in which defendants share jury strikes militates against a holding adopting Swain's contention.

Moreover, we also conclude that the fact that a defendant begins a trial with a jury chosen by two or more defendants and then ends the trial as the only remaining defendant when jury deliberations

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] OCGA § 17-8-4 provides, in relevant part, as follows:
When two or more defendants are tried jointly for a crime or offense, such defendants shall be entitled to the same number of strikes as a single defendant if tried separately. The strikes shall be exercised jointly by the defendants or shall be apportioned among the defendants in the manner the court shall direct. In the event two or more defendants are tried jointly, the court, upon request of the defendants, acting in its sole discretion, may allow an equal number of additional strikes to the defendants, not to exceed five each, as the court shall deem necessary, to the ends that justice may prevail.

[4] See, e.g., *Adams v. State*, 264 Ga. 71, 74 (440 SE2d 639) (1994).

begin does not deny the defendant a fair and impartial jury. To adopt a contrary rationale would preclude the dismissal of one defendant in a joint trial by way of dismissal, nolle prosequi, or directed verdict during the course of the trial. In this regard, in *Broomfield v. State*,[5] we held that a defendant has no standing to prohibit a trial court from granting a co-defendant either a severance, a directed verdict, or a nolle prosequi during the course of the trial,[6] even though each of these "occurrences would leave the defendant facing the jury alone."[7] If, as Swain asserts, requiring a defendant to face a jury alone that was jointly chosen with another co-defendant denied the defendant a fair and impartial jury, this Court would not have reached the holding that it did in *Broomfield*.

For these reasons, we conclude that Swain's contention that the trial court erred in proceeding with the jury that was chosen jointly with Butler is without merit. Moreover, to the extent that Swain contends that the trial court erred in denying his motion to sever, we conclude that the trial court did not abuse its discretion in denying the motion.[8] Finally, Swain's contention that he was prejudiced by sharing strikes with Butler, in that he was unable to exercise a peremptory strike against a particular juror after the jury was empaneled is not preserved for review, as Swain did not object to proceeding with the jointly-chosen jury on this ground.[9]

3. Swain contends that his statement to the police was not freely and voluntarily given, and that the trial court erred in admitting the statement into evidence. We conclude, however, that, considering the totality of the circumstances, the record supports the trial court's determination that Swain's statements were freely and voluntarily made after he had waived his *Miranda* rights.[10]

4. Swain also contends that he received ineffective assistance of trial counsel. To meet his burden under *Strickland v. Washington*,[11] Swain "must show that (1) his trial counsel's performance was deficient and (2) the deficient performance deprived [Swain] of a fair

[5] 264 Ga. 145 (442 SE2d 242) (1994).

[6] Id. at 146-148.

[7] Id. at 147.

[8] See *Heard v. State*, 274 Ga. 196, 199 (552 SE2d 818) (2001).

[9] See *Acliese v. State*, 274 Ga. 19, 20 (549 SE2d 78) (2001). Moreover, in *McDaniel v. State*, 257 Ga. 345 (359 SE2d 642) (1987), the trial court rejected a challenge for cause to a certain juror that arose after the jury had been selected and sworn, and the defendant contended on appeal that he was prejudiced because he was not able to exercise a peremptory strike against the juror. In rejecting the defendant's contention, we stated that "we are not aware of any binding or persuasive authority for the proposition that unused peremptory strikes should be available under these circumstances after the jury has been selected and sworn." Id. at 346.

[10] See *Reinhardt v. State*, 263 Ga. 113, 115 (428 SE2d 333) (1993).

[11] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

trial."[12] Having examined the record, we conclude that, as to each of the allegations of ineffective assistance of counsel,[13] Swain has either failed to show that counsel's performance was deficient or that counsel's performance was prejudicial to him or both.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 29, 2002.

*Hal T. Peel*, for appellant.

*J. Thomas Durden, Jr., District Attorney, James S. Archer, Assistant District Attorney, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.

---

[12] *Coe v. State*, 274 Ga. 265, 268 (553 SE2d 784) (2001).

[13] In this regard, Swain contends that trial counsel's performance was deficient because he failed to call a witness at the *Jackson-Denno* hearing, because he failed to call exculpatory witnesses at trial, because he failed to object to the selection of a juror, and because he refused to allow Swain to testify at trial.