A04A1241. RHODES v. THE STATE.
(601 SE2d 139)

PHIPPS, Judge.

An indictment was returned charging Brionne Rhodes, Duwayne Jackson, and Jonathan Walker with commission of numerous offenses during their invasion of an apartment occupied by Antonio Verner and Tony Martin. Over objection by Rhodes, the court granted the state's motion for severance and tried Rhodes before trying Jackson and Walker at a separate trial. Rhodes was convicted of some of the offenses charged. He appeals, complaining of the court's grant of the state's severance motion. Finding that the court did not abuse its discretion in granting the severance, that Rhodes was not prejudiced by it, and that he does not even have standing to complain of it, we affirm.

On the day of the incident, Martin and Verner had purchased marijuana. Martin testified that Rhodes had come over to his and Verner's apartment later that day and asked to buy some of the marijuana, but he left without any because he did not have any money. After Martin had gone to bed that night, Verner ran into his room while being chased by two intruders. Both Martin and Verner ran into the closet. One of the intruders demanded marijuana. When none was forthcoming, he began firing a gun into the closet. Martin was wounded; Verner was killed.

---

[7] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Shortly after the incident, police identified Rhodes as a suspect and arrested him. While in custody, he gave police a videotaped statement that on the day in question Jackson had told him that he wanted to rob someone; that he told Jackson about Verner and Martin; that he, Jackson, and Walker then went to Verner and Martin's apartment; that, after Verner answered the door, Jackson burst into the apartment and began shooting; and that he (Rhodes), and then Walker, fled.

The indictment charged Rhodes, Jackson, and Walker with one count of murder, one count of felony murder, two counts of aggravated assault with intent to rob, one count of aggravated assault with a handgun, one count of burglary, and one count of possession of a firearm during the commission of a crime.

The state moved for a severance "because of *Bruton* concerns."

> In *Bruton v. United States*, the United States Supreme Court held that a defendant's Sixth Amendment right of confrontation is violated when: (a) co-defendants are tried jointly; (b) one co-defendant's statement is used to implicate the other co-defendant in the crime; and (c) the co-defendant who made the implicating statement employs his Fifth Amendment right not to testify and thus does not take the stand to face cross-examination about the statement.[1]

Specifically, the prosecuting attorney argued that Rhodes's videotaped statement was key evidence against him, that the statement could not be redacted so as to delete Rhodes's implication of Jackson and Walker in the crimes charged, and that *Bruton* would therefore preclude admission of the statement if Jackson and Walker were tried jointly with Rhodes. Rhodes's attorney objected on grounds that Jackson and Walker had given statements to police which absolved Rhodes from any direct involvement in the shooting of Verner and Martin, and that a severance would make it impossible for Rhodes to present this exculpatory evidence to the jury. The trial court granted the state's motion for severance. The jury found Rhodes guilty on two counts of aggravated assault with intent to rob and on one count of burglary. He was found not guilty on the remaining counts.

The decision of the Supreme Court of Georgia in *Broomfield v. State*[2] stands as authority for the proposition that a defendant facing a multi-defendant trial has no right to oppose a co-defendant's motion

---

[1] (Footnotes omitted.) *Boone v. State*, 250 Ga. App. 133, 135-136 (2) (549 SE2d 713) (2001), citing *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968).

[2] 264 Ga. 145 (442 SE2d 242) (1994).

for severance.[3] It follows that Rhodes lacks standing to complain of the trial court's decision to sever his trial from that of the co-indictees at the request of the state. Moreover, Rhodes has failed to show harm, as the jury found him not guilty of the offenses to which Jackson's and Walker's statements related. Furthermore, "[a] motion for severance is a matter committed to the sound discretion of the trial court. The ruling of the trial court is subject to reversal only for an abuse of that discretion."[4] A trial court's grant of a severance in order to avoid violation of a co-indictee's constitutional rights under *Bruton* is not an abuse of discretion.[5]

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 3, 2004.

*Leisa G. Terry*, for appellant.
*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.

---

[3] Id. at 147 (2).

[4] (Citations and punctuation omitted.) *Kirby v. State*, 174 Ga. App. 58, 60 (2) (329 SE2d 228) (1985).

[5] See generally *Johnson v. State*, 275 Ga. 650, 651 (2) (571 SE2d 782) (2002); *Moss v. State*, 275 Ga. 96, 97 (2) (561 SE2d 382) (2002).