## 39944. HOGANS v. THE STATE.

MARSHALL, Presiding Justice.

Caesar Hogans appeals from a conviction of murder with a life sentence. The sufficiency of the evidence to authorize the conviction is not contested. We affirm.

1. On direct examination by the prosecutor, the chief investigator of the sheriff's office testified that he had gone to Danamora, New York, to pick up the appellant, and had brought him back to Liberty County, Georgia. Defense counsel moved for a mistrial or to strike this testimony, on the ground that it raised the inference that the appellant had not returned voluntarily, which could be rebutted only by showing that he was incarcerated in New York, which would tend to put his character in evidence.

Flight is always a circumstance which may be shown and a jury is authorized to take into account in determining guilt or innocence of an accused, and evidence thereof is not inadmissible because it incidentally puts the defendant's character in issue. *Hughes v. State,* 239 Ga. 393 (2) (236 SE2d 829) (1977) and cits.; *Johnson v. State,* 148 Ga. App. 702 (1) (252 SE2d 205) (1979) and cits. The state did not

tender any evidence that the appellant had been convicted of a crime in New York or was in prison in New York. It is highly unlikely that a juror in Hinesville, Georgia, would know "Danamora" as the name of a prison. Therefore, the only way the appellant's character would have been placed in issue is if he had sought to explain flight or concealment by referring to his criminal record. See *O'Neal v. State,* 239 Ga. 532 (2) (238 SE2d 73) (1977). Moreover, this issue is rendered academic by the appellant's subsequent testimony in the trial that he had fled to New York because he was afraid of being arrested and charged with murder.

2. The appellant contends that the trial court's charge on flight was not supported by the evidence and was burden-shifting. The charge was authorized by the testimony that the appellant had been brought back from New York, and by the appellant's own admission, under cross-examination, of his flight. The charge is substantially the same as the one approved in *Kalb v. State,* 195 Ga. 544 (3) (25 SE2d 24) (1943); *Reeves v. State,* 241 Ga. 44 (3) (243 SE2d 24) (1978); and *Crenshaw v. State,* 244 Ga. 430 (3) (260 SE2d 344) (1979). We find no error.

3. The trial judge did not abuse his discretion in denying the appellant's motion for mistrial because of the prosecutor's reference to him, during the closing argument, as a "dope dealer," which characterization was authorized by evidence (including the appellant's own testimony) that he was selling marijuana at that time to make money; that he sold some marijuana to the victim; and that he was "the middle man on this dope deal" (hashish) between the victim and co-defendant, Feldon Riley Williams.[1] See, e.g., *Jordan v. State,* 247 Ga. 328 (11) (276 SE2d 224) (1981).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 7, 1983.

*John E. Pirkle,* for appellant.

*Dupont K. Cheney, District Attorney, Harrison W. Kohler, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Assistant Attorney General,* for appellee.

---

[1] *Williams v. State,* 250 Ga. 664 (300 SE2d 685) (1983).