### A03A0405. MOORE v. THE STATE.
(583 SE2d 588)

MIKELL, Judge.

A Colquitt County jury convicted Sedrick D. Moore of rape, armed robbery, burglary, and three counts of possession of a firearm during the commission of a crime. Moore was tried with co-defendant Kerry Robinson, who was convicted of rape. On appeal, Moore argues that the trial court erred by denying his motion to sever and his

motion for directed verdict of acquittal and by admitting evidence that he jumped bail pending trial. Moore also challenges the sufficiency of the evidence. We affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and an appellant no longer enjoys the presumption of innocence. This court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia* and does not weigh the evidence or determine witness credibility. Conflicts in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case, we must uphold the jury's verdict.[1]

Co-defendant Robinson filed a separate appeal. We affirmed his conviction at *Robinson v. State*.[2] The facts of the case are fully stated in our opinion in *Robinson*.

1. In his first enumeration of error, Moore argues that the trial court erred by failing to sever his trial from that of Robinson. Moore maintains that the joint trial allowed the jury to conclude that he was guilty based upon his association with co-defendant Robinson. We disagree.

> When the death penalty is not sought, the severance of defendants' trials is within the sound discretion of the trial court and its decision will not be disturbed unless there is an abuse of that discretion. OCGA § 17-8-4. The burden is on the defendant moving for severance to demonstrate more than the possibility that a separate trial would provide him with a better chance of acquittal; he must establish a clear showing of prejudice. *Cain v. State*, 235 Ga. 128 (218 SE2d 856) (1975).[3]

In exercising its discretion, the trial court must consider three factors:

> (1) whether the number of defendants creates confusion as to the law and evidence to be applied to each; (2) whether a danger exists that evidence admissible against one defendant might be considered against the other notwithstanding

---

[1] (Footnotes omitted.) *Roberts v. State*, 242 Ga. App. 621 (530 SE2d 535) (2000).

[2] 259 Ga. App. 555 (578 SE2d 214) (2003).

[3] *Dixon v. State*, 268 Ga. 81, 83 (2) (485 SE2d 480) (1997).

instructions to the contrary; and (3) whether the defenses are antagonistic to each other or each other's rights.[4]

Moore has offered no evidence of juror confusion, that the defendants' defenses were antagonistic to each other, or that evidence admitted against Robinson was improperly considered against him. Furthermore, Moore has not shown that the failure to sever the cases precluded a fair determination of his guilt or innocence.[5] Accordingly, we find that the trial court did not abuse its discretion when it denied Moore's motion to sever.

2. In his second and third enumerated errors, Moore challenges the sufficiency of the evidence and the denial of his motion for directed verdict of acquittal, arguing that the victim could not identify him, that Tyrone White's testimony was not credible, that White's identification of him was not corroborated by independent evidence, and that the DNA evidence did not establish his guilt. Again, we disagree.

As stated earlier, we do not weigh the evidence or the credibility of the witnesses, and we must uphold the jury verdict if there is some competent, even if contradicted, evidence to support it.[6] The arguments about the DNA evidence go to its weight, and on appeal, we will not disturb the jury's determination thereof.[7] While Moore is correct that the testimony of an accomplice must be corroborated by independent evidence,[8] the sufficiency of that corroboration is a jury question.[9] Under the standard set forth in *Jackson v. Virginia*,[10] which is the appropriate standard of review for both enumerated errors,[11] the evidence introduced at trial, in its totality, was sufficient to enable any rational trier of fact to find Moore guilty of each offense for which he was convicted beyond a reasonable doubt.

(a) *Rape.* Pursuant to OCGA § 16-6-1 (a) (1), "A person commits the offense of rape when he has carnal knowledge of [a] female forcibly and against her will." The statute explains that "[c]arnal knowledge in rape occurs when there is any penetration of the female sex organ by the male sex organ."[12] The victim testified that all three men penetrated her vagina and identified the first man to rape her

---

[4] (Citation omitted.) *London v. State*, 247 Ga. App. 618, 620 (1) (544 SE2d 525) (2001).

[5] See *Ledbetter v. State*, 202 Ga. App. 524, 525 (2) (414 SE2d 737) (1992).

[6] *Roberts*, supra.

[7] *Herring v. State*, 252 Ga. App. 4, 6 (1) (555 SE2d 233) (2001).

[8] See OCGA § 24-4-8; *Milton v. State*, 248 Ga. 192, 196 (2) (282 SE2d 90) (1981); *Biegun v. State*, 206 Ga. 618, 628 (9) (58 SE2d 149) (1950).

[9] *Biegun*, supra.

[10] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[11] *Jackson v. State*, 236 Ga. App. 260, 261 (511 SE2d 615) (1999).

[12] OCGA § 16-6-1.

as Tyrone White. White testified that he, Moore, and Robinson raped the victim. Moore's presence at the scene with White was also corroborated by the statement of Johnny Brown, III, which was introduced through the officer who witnessed the statement.

Brad Pearson, a forensic scientist employed by the Georgia Bureau of Investigation, tested evidence including swabs from a sexual assault evidence collection kit and blood samples from White, Moore, Robinson, and the victim. According to Pearson, all cells in the body have the same DNA so that a person's sperm would have the same DNA as that person's blood. Pearson testified that he determined that of the 13 alleles examined on the DNA strain from the kit, White's DNA was present on 11 of the strains. The other alleles matched Moore's and Robinson's DNA.

(b) *Armed robbery and burglary.* "A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon"[13] and "the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another."[14] White testified that he, Robinson, and Moore kicked in the victim's door and that Moore held the gun on her. The victim testified that the men demanded money and that she gave them money from her purse.

(c) *Possession of a firearm during the commission of a crime.* Any person possessing a firearm during the commission of a crime against the person of another or during an unlawful entry into a building, which crimes are felonies, commits a felony.[15] A felony offense is one which is "punishable by death, by imprisonment for life, or by imprisonment for more than 12 months."[16] In this case, the evidence shows that Moore unlawfully entered the victim's home, demanded money from her, raped her, and held a gun on her. Rape, armed robbery, and burglary are classified as felonies, as they are punishable by imprisonment for more than 12 months.[17] Therefore, the evidence was sufficient to sustain Moore's convictions.

3. In his last enumerated error, Moore argues that the trial court should not have admitted evidence that he fled the jurisdiction of the court after he was released on bond because the evidence constituted improper character evidence. In *Hogans v. State*,[18] in which the state

---

[13] OCGA § 16-8-41 (a).

[14] OCGA § 16-7-1 (a).

[15] See OCGA § 16-11-106 (b).

[16] (Citation and punctuation omitted.) *State v. Temple*, 189 Ga. App. 284, 285 (1) (375 SE2d 300) (1988).

[17] See OCGA §§ 16-6-1 (b); 16-8-41 (b); 16-7-1 (a).

[18] 251 Ga. 242 (1) (304 SE2d 699) (1983).

introduced evidence that the investigator traveled to New York to bring the defendant to Georgia to stand trial, our Supreme Court held that "[f]light is always a circumstance which may be shown and a jury is authorized to take into account in determining guilt or innocence of an accused, and evidence thereof is not inadmissible because it incidentally puts the defendant's character in issue."[19] Accordingly, in this case, it was not erroneous to admit evidence that Moore fled the court's jurisdiction after he was released on bond.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED JUNE 18, 2003.

*David S. Herndon*, for appellant.
*J. David Miller, District Attorney, Andrew W. Pope, Assistant District Attorney*, for appellee.

---

[19] (Citations omitted.) Id. See also *Bradberry v. State*, 238 Ga. 83 (3) (230 SE2d 885) (1976) (charge on flight authorized where defendant fled the jurisdiction of the court after he was released on bond).