S04A0727. DAVIS v. THE STATE.
(602 SE2d 563)

HUNSTEIN, Justice.

After a mistrial was granted in his first trial, the State retried Michael Anthony Davis and a jury convicted him of felony murder, aggravated assault and possession of a firearm during the commission of a felony arising out of the shooting death of Kevin Collins and an assault on Latrice Dale. He appeals from the denial of his motion for a new trial,[1] asserting that his second trial was barred by double

---

[8] See *Newborn*, 263 Ga. at 622-623; *Boykin*, 273 Ga. at 387.

[1] The crimes occurred on December 24, 2000. Davis was indicted February 13, 2001 in Fulton County. He was found guilty on September 12, 2001 and was sentenced September 26, 2001. His motion for new trial, filed October 22, 2001 and amended November 26, 2002, was

jeopardy and that the trial court erred by refusing to accept the jury's initial verdict of voluntary manslaughter.

1. We find no error in the trial court's denial of appellant's plea in bar based on double jeopardy. While appellant is correct that a defendant does not waive a double jeopardy claim by moving for a mistrial when the defendant is goaded into that action by the State's behavior, *Oregon v. Kennedy*, 456 U. S. 667, 673 (102 SC 2083, 72 LE2d 416) (1982), in order to prevail on such a claim the defendant must show that the State was purposefully attempting through its prosecutorial misconduct to secure an opportunity to retry the case, to avoid reversal of the conviction because of prosecutorial or judicial error, or to otherwise obtain a more favorable chance for a guilty verdict on retrial. *Nance v. State*, 274 Ga. 311-312 (553 SE2d 794) (2001).

Whether the prosecutor intended to goad the defendant into moving for mistrial called for the trial court to "make a finding of fact[ by i]nferring the existence or nonexistence of intent from objective facts and circumstances." *Oregon v. Kennedy*, supra, 456 U. S. at 675. The trial court based its ruling on the events that occurred at appellant's first trial, during which he testified that he shot and killed Collins at the home of Latrice Dale (who was Collins' current girl-friend and appellant's former girlfriend) in order to defend himself after the half-naked Collins attacked him from behind and repeat-edly punched him with his fists. On cross-examination the prosecutor established that appellant is six-foot four-inches tall and at the time of the crimes weighed 240 pounds and was fully dressed. The pros-ecutor then repeated appellant's statement that Collins "was coming at [appellant] with his fists up" and asked appellant, "And you're better at fighting women than men; right?" Based on this question the trial court granted appellant's motion for a mistrial. In hearing appellant's plea in bar, the trial court found that although the question was improper, the prosecutor did not ask the question in order to goad appellant into moving for a mistrial.

> When the trial court sits as the factfinder, its resolution of factual issues will be upheld by the appellate court unless it is clearly erroneous. [Cits.] A trial court's findings of fact will not be deemed to be clearly erroneous if there is any evidence to support them, and this holds true even if the findings are

denied April 30, 2003. A notice of appeal was filed May 15, 2003. The appeal was docketed January 5, 2004 and was submitted for decision on the briefs.

based upon circumstantial evidence and the reasonable inferences which flow from them. [Cit.]

*State v. Thomas*, 275 Ga. 167, 168 (562 SE2d 501) (2002). In this case, the trial court's findings were authorized by the evidence in the record and are not clearly erroneous. Therefore, we conclude that the trial court properly denied appellant's plea in bar on the grounds of double jeopardy.

2. Appellant was indicted, inter alia, for malice murder and felony murder predicated upon the aggravated assault on Collins. The trial court charged the jury on these felonies and also voluntary manslaughter. The jury returned a verdict acquitting appellant of malice murder but finding him guilty of both felony murder and voluntary manslaughter. The trial court declined to accept the verdict. Instead, it reinstructed the jury, asked the jury to clarify its verdict and returned the jury for deliberations. Appellant expressly agreed with the trial court that the jury should be allowed to continue deliberating. The jury then returned with a verdict of guilt only as to felony murder. Appellant now contends that the trial court should have accepted the original verdict. We disagree.

> [T]his court has held that where the defendant fails to object to convictions for both voluntary manslaughter and felony murder based on the same aggravated assault, it is not error to sentence the defendant for the crime of felony murder. [Cit.] Absent an objection to the recharge or the jury's verdict in this case, the trial court was not under a duty to sentence the defendant for the crime of voluntary manslaughter.

*Wilson v. State*, 262 Ga. 588, 590 (2) (a) (422 SE2d 536) (1992). See also *Carter v. State*, 261 Ga. 740 (3) (410 SE2d 102) (1991). We find no error.

3. The jury was authorized to find that appellant broke into the home of Latrice Dale around 3:00 a.m. on December 24, 2000 and began beating her while demanding that she tell her new boyfriend, Kevin Collins, to leave the apartment. Collins came out of the bedroom, told appellant to stop hitting Dale and then struck appellant two or three times with his fists. Dale separated the men and ordered appellant to leave. The unarmed Collins dropped his fists and moved away from appellant. When appellant reached the doorway, he turned, pulled a Ruger .45 caliber pistol and fired two shots, killing Collins and injuring Dale. Appellant then left the scene. The evidence established that appellant is six feet four inches tall and weighed 250 pounds and that the victim was shot from a distance of at least three feet.

Appellant testified that he went to Dale's apartment at 3:40 a.m. to deliver diapers Dale had requested the prior evening and to deliver gifts for their child;[2] that Dale let him in the room but would not look at him when he asked where their daughter was; he lifted Dale's head up by her forehead with his hand, at which time Collins attacked him from behind, repeatedly punching appellant and knocking him to his knees; and that after regaining his feet appellant fired twice when Collins kept coming at him.

The evidence adduced was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of felony murder, aggravated assault on both Dale and Collins, and possession of a firearm during the commission of a felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The trial court properly sentenced appellant to life in prison for the felony murder. OCGA § 16-5-1 (d). However, the record reveals that rather than merge the aggravated assault on Collins into the felony murder conviction, see *Johnson v. State*, 254 Ga. 591 (4) (331 SE2d 578) (1985), and sentence appellant on the separate aggravated assault on Dale, the trial court instead incorrectly merged the conviction for aggravated assault of Dale into the aggravated assault of Collins. Accordingly, while we affirm the felony murder and firearm possession convictions, we vacate the aggravated assault conviction and remand the case to the trial court with direction that it sentence appellant consistent with this opinion.

*Judgment affirmed in part and vacated in part and case remanded in part. All the Justices concur.*

DECIDED SEPTEMBER 13, 2004.

*Anna Blitz*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Marc A. Mallon, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Raina Nadler, Assistant Attorney General*, for appellee.

---

[2] Appellant did not have these items with him when he went to the apartment.