A05A1245. TERRELL v. THE STATE.
(621 SE2d 515)

BERNES, Judge.

A Cobb County jury convicted appellant Tracey Lamar Terrell of theft by conversion.[1] He appeals from the denial of his motion for new trial, challenging only the sufficiency of the evidence to support his conviction. Terrell contends that the state failed to prove he acted with criminal intent and argues that the facts and circumstances of the case presented no more than a civil breach of contract. We disagree and affirm.

> A person commits the offense of theft by conversion when, having lawfully obtained funds or other property of another including, but not limited to, leased or rented personal property, under an agreement or other known legal obligation to make a specified application of such funds or a specified disposition of such property, he knowingly converts the funds or property to his own use in violation of the agreement or legal obligation.

OCGA § 16-8-4 (a). The presence of fraudulent intent distinguishes criminal theft by conversion from a breach of contract. *Tukes v. State*, 250 Ga. App. 117, 118 (1) (a) (550 SE2d 678) (2001).

On appeal, we view the evidence in the light most favorable to the verdict. *Massalene v. State*, 224 Ga. App. 321, 323 (3) (480 SE2d 616) (1997). So viewed, the evidence shows that on March 10, 2000, Terrell rented a Vermeer nine-inch wood chipper ("the wood chipper") valued at approximately $20,500 from Ready Rent-All ("the store") in Mableton. The wood chipper weighed almost 3,800 pounds, was approximately seven feet tall and twelve feet long, and was mounted on its own wheels. Terrell executed a rental agreement, paid a $400 deposit, and provided the store management with contact information, which later proved to be false.[2]

Fred Ellis, the store's assistant manager attached the wood chipper to the back of Terrell's U-Haul truck, and Terrell drove away.

---

[1] Terrell was found guilty of both theft by conversion and theft by taking. The trial court merged the two counts.

[2] Terrell initially gave a post office box for his address, but store personnel required that he give a home address, which as previously noted, proved to be false.

According to the terms of the rental agreement, Terrell was to return the wood chipper four hours later that same day. Terrell failed to return the wood chipper that day or on any day thereafter.

On March 13, 2000, several days past the rental due date, Brian Wearing, the store manager, began repeated efforts to contact Terrell. He tried to contact Terrell at the telephone number that Terrell had provided at the time of the rental, but no one answered the telephone at that number. He sent a certified letter to Terrell at the address that Terrell had provided, but the letter was later returned as undeliverable. Wearing then drove to the address Terrell had provided, discovered it was an apartment complex, and learned from management that Terrell did not reside there. Finally, Wearing contacted U-Haul and learned that there was not a valid rental contract for the U-Haul truck that Terrell had been driving.

On March 16, 2000, Terrell contacted the store and advised Ellis that he had lost the wood chipper. Terrell claimed that the wood chipper had detached from his truck, unbeknownst to him, as he drove on I-20 eastbound just past Atlanta.[3] While Ellis was still on the phone with Terrell, he dispatched a store driver to search for the wood chipper in the area where Terrell contended he had lost it.[4] The driver was unable to find the wood chipper. Ellis and Wearing then attempted to call Terrell at a second telephone number that Terrell had provided, but again were unable to reach him. The phone beeped like a fax machine, so Wearing sent a facsimile note to the number. Terrell did not respond to the facsimile and did not contact the store again.

The next day, March 17, 2000, store management swore out a warrant for Terrell's arrest. After Terrell learned of the arrest warrant, he and his wife sold their possessions and moved to Mexico where Terrell assumed the alias of Alexander Hoffman. Several months later, Terrell was arrested when he returned to Cobb County.

At trial, Terrell testified in his own behalf. While Terrell still maintained that he had lost the wood chipper when it became detached from his truck, he admitted that he had not provided his true address or phone number when he rented the wood chipper.[5]

---

[3] Terrell testified that he traveled from Fulton Industrial Boulevard onto I-20 eastbound toward Atlanta, then onto I-85 northbound. He exited at North Druid Hills Road and proceeded to Buford Highway. He claimed that he failed to notice that the wood chipper was no longer attached to the truck until after he pulled into the parking lot of a restaurant.

[4] Terrell also stated he had reported the loss of the wood chipper to the DeKalb County and Fulton County police departments. However, store employees were subsequently unable to find any police reports of the alleged incident on file.

[5] At trial, Ellis, the assistant store manager who attached the wood chipper to Terrell's U-Haul, testified that he had worked with U-Haul and had hooked up over 1,000 pieces of equipment to trailers. He further testified that he had not known of any of his attachments to become prematurely unhooked. He explained that the hook-up mechanism was such that an

Terrell also admitted that after he learned of the arrest warrant, he fled Cobb County, remained away for approximately six months, and used an alias while he was gone.

"Intent is a question for the jury. [Cit.] The jury may find criminal intent by considering the accused's words, conduct, demeanor, motive and all other circumstances connected with the act for which he is being prosecuted. See OCGA § 16-2-6." *Wells v. State*, 226 Ga. App. 172, 174 (1) (486 SE2d 390) (1997). Evidence of Terrell's failure to return the wood chipper, of his admitted lies regarding his address and phone number and of his flight following issuance of the arrest warrant authorized the jury to conclude that Terrell had fraudulently converted the wood chipper to his own use. See *Massalene*, 224 Ga. App. at 323-324 (3) (finding sufficient evidence of criminal intent to support theft conviction when defendant gave a false home address, telephone number, and employment information to the rental car company, then failed to return the rental car). See also *Sinyard v. State*, 243 Ga. App. 218, 220 (1) (531 SE2d 140) (2000); *Moore v. State*, 261 Ga. App. 752, 756 (3) (583 SE2d 588) (2003); *Matthews v. State*, 214 Ga. App. 104, 104-105 (1) (446 SE2d 790) (1994).

The jury, as the trier of fact, was free to reject Terrell's version of events. "Conflicts in the testimony of the witnesses . . . are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." *Lowery v. State*, 264 Ga. App. 655 (1) (592 SE2d 102) (2003). Based on the evidence at trial, any rational trier of fact could have found Terrell guilty beyond a reasonable doubt of theft by conversion. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED SEPTEMBER 14, 2005.

*David J. Koontz*, for appellant.
*Patrick H. Head, District Attorney, Bruce D. Hornbuckle, Amelia G. Pray, Assistant District Attorneys*, for appellee.

imperceptible detachment would be virtually impossible.