## S09A1639. ROSCOE v. THE STATE.
(687 SE2d 455)

MELTON, Justice.

Tyshawn Roscoe was indicted for malice murder, felony murder, and hijacking a motor vehicle, and his trial date was set for April 27, 2009. Earlier, it had been discovered that Bernadette Davy, a firearms examiner for the State, had not been performing the required number of ballistics tests in each of her cases, and she was terminated for this breach of protocol. Davy had performed the testing on the alleged murder weapon in Roscoe's case.

During pre-trial proceedings on April 24, 2009, the prosecutor informed the trial court that he intended to call George Stanley as a witness during trial. Stanley is a GBI firearms examiner who had been asked to retest all firearms that had been previously examined by Davy. Because the State had not notified the defense at least ten days prior to trial of its intention to call Stanley as a witness or introduce his report, see OCGA § 17-16-4 (a) (4), the trial court granted Roscoe's motion in limine to exclude this evidence, and the State was instructed to go forward with Davy as its sole expert firearms witness in its case-in-chief.

During opening statements on April 28, 2009, however, the prosecutor told the jury that the alleged murder weapon had been linked to Roscoe by Davy's testing, that Davy had since been terminated, and that another examiner would be called to testify that he had reached the same result as Davy. At this point, Roscoe made a motion for a mistrial, contending that the prosecutor had violated the trial court's grant of his motion in limine. The prosecutor responded that, although retesting had not yet been completed, he intended to call an additional expert from the crime lab other than Stanley to rehabilitate Davy's testimony following her impeachment regarding the reasons for her termination. The trial court rejected this argument and granted the motion for a mistrial.

That same day, Roscoe filed a plea in bar based on double jeopardy grounds, contending that the prosecutor purposefully engaged in misconduct intended to goad the defense into moving for a mistrial. At the hearing on this motion, the prosecutor explained that he believed that retesting on the alleged murder weapon had been completed but that he had since learned that it had not. He further explained that the State had not yet located or subpoenaed Davy, but intended to do so. In addition, the prosecutor reiterated that he believed that he had the right to call a second expert to rehabilitate Davy's testimony, and he maintained that it was not his intention to goad the defense into a mistrial. On April 29, 2009, the trial court granted Roscoe's plea in bar, finding that, because the prosecutor knew that Davy was not under subpoena when he made

his opening statements, those statements must have been intended to cause a mistrial. In other words, the trial court believed that the State was buying time to find Davy.

The State immediately filed a motion for reconsideration, and, on April 30, 2009, the trial court conducted a hearing, at which the State presented evidence that, on April 28, 2009, Davy was served with a subpoena and would have been able to testify at trial. The State also presented evidence that the retesting of the alleged murder weapon had been completed by Francis Jarvis, an expert who could confirm Davy's analysis. Again, the prosecutor emphasized to the court that it was never his intention to cause a mistrial. Based on this evidence, the trial court granted the State's motion for reconsideration and determined that double jeopardy did not bar the re-trial of Roscoe. The trial court based its decision on the following grounds: (1) Davy was not missing as the trial court thought, but was immediately located and would have been available to testify; (2) the prosecutor honestly believed that another examiner could rehabilitate Davy's testimony; (3) the prosecutor intended to secure a conviction, not a mistrial; (4) the State would reap no benefit from a delay in the case; and (5) although the State mishandled Davy's subpoena and retested the weapon after opening statements, there was no evidence that the State intended to cause a mistrial. Roscoe now appeals the trial court's grant of the State's motion for reconsideration. For the reasons set forth below, we affirm.

When a mistrial is granted at the defendant's request due to prosecutorial misconduct, the general rule is that the Double Jeopardy Clause does not bar the State from retrying the case. *Weems v. State*, 268 Ga. 142 (2) (485 SE2d 767) (1997); *Hardy v. State*, 258 Ga. 523 (371 SE2d 849) (1988). "There is a 'narrow exception' where the prosecutorial misconduct was intended to goad the defendant into moving for a mistrial. [Cit.]" *Weems*, supra, 268 Ga. at 143 (2). However,

> in order to prevail on such a claim the defendant must show that the State was purposefully attempting through its prosecutorial misconduct to secure an opportunity to retry the case, to avoid reversal of the conviction because of prosecutorial or judicial error, or to otherwise obtain a more favorable chance for a guilty verdict on retrial. [Cit.] *Davis v. State*, 278 Ga. 305, 306 (1) (602 SE2d 563) (2004). The bar of double jeopardy is not raised by even intentional prosecutorial misconduct, " 'notwithstanding the fact that the defendant was thereby deprived of due process of law, unless the prosecutor's actions were intended to subvert the protections afforded by the Double Jeopardy Clause. (Cits.)'

[Cit.]" *Dinning v. State*, 267 Ga. 879, 881 (485 SE2d 464) (1997).

(Punctuation omitted.) *State v. Traylor*, 281 Ga. 730, 731-732 (642 SE2d 700) (2007). Therefore, the pivotal issue in this case regards the intent of the prosecutor.

> Whether the prosecutor intended to goad the defendant into moving for mistrial called for the trial court to "make a finding of fact( by i)nferring the existence or nonexistence of intent from objective facts and circumstances." *Oregon v. Kennedy*, [456 U. S. 667, 675 (102 SC 2083, 72 LE2d 416) (1982)].

*Davis*, supra, 268 Ga. at 306 (1). In this situation, the trial court acts as a factfinder.

> When the trial court sits as the factfinder, its resolution of factual issues will be upheld by the appellate court unless it is clearly erroneous. [Cits.] A trial court's findings of fact will not be deemed to be clearly erroneous if there is any evidence to support them, and this holds true even if the findings are based upon circumstantial evidence and the reasonable inferences which flow from them. [Cit.]

*State v. Thomas*, 275 Ga. 167, 168 (562 SE2d 501) (2002). In this case, there is evidence supporting the trial court's determination, as listed above as the grounds for the trial court's ruling. The objective facts show that Davy was found by the State and that evidence regarding the retests of the weapon would have been ready for Roscoe's trial. This, in turn, supported the trial court's conclusions that the State would have nothing to gain from delay and that the prosecutor was aggressively seeking a conviction, not a mistrial. Under these circumstances, it cannot be said that the trial court erred in its grant of the State's motion for reconsideration and its ultimate denial of Roscoe's plea in bar on the grounds of double jeopardy. *Traylor*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 9, 2009 —
RECONSIDERATION DENIED DECEMBER 15, 2009.

*Kenneth D. Kondritzer*, for appellant.
*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker,*

*Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General*, for appellee.