## A10A1596. APPLING v. THE STATE.
### (700 SE2d 627)

JOHNSON, Judge.

Ezekiel Appling was indicted for aggravated battery, three counts of aggravated assault and two counts of possession of a firearm during the commission of a felony. The case proceeded to a jury trial, during which the trial court granted Appling's motion for a mistrial on the ground that a witness had improperly placed his character in issue. Appling subsequently filed a plea in bar on double jeopardy grounds. The trial court denied the plea, and Appling appeals. We affirm.

1. At trial, the state called Jennifer Shields as a witness. Shields, who was with Appling at the time of the alleged crimes, repeatedly gave nonresponsive answers to questions posed by the state's attorney. The trial court thus instructed her multiple times to listen closely to the questions asked and respond only to those questions. Thereafter, as the state's attorney questioned Shields about having told police that another person was in a car with her and Appling at the time of the incident, the following colloquy occurred:

Q. When you met with the police about what happened, you reported that one person got out of the car, the Volvo, during the shooting?
A. Yes.
Q. Who was the person you were referring to?
A. [Appling].
Q. Okay.
A. But I also believe I told them that his brother was there. And that was due to the fact that [Appling] on — was running from probation at that point in time. And I did not think he was going to turn himself in to be a witness for the case.

The prosecuting attorney immediately told Shields to stop, and the trial court excused the jury from the courtroom. The judge, state's attorney and Appling's attorney all agreed that Shields' testimony about probation was not responsive to any question posed by the state. The trial court stated that it would grant a mistrial if requested by Appling, but Appling expressly rejected the offer of a

mistrial and asked instead for a curative instruction to the jury. The trial court once again admonished Shields to answer only the questions asked without volunteering other information. When the jury returned, the court instructed the jury to disregard Shields' last nonresponsive answer.

During later questioning, the state's attorney asked Shields if she could answer a question "[w]ithout going into the matters that the Court has told you not to go into," and also asked if she could answer another question "in a way that would be permissible based on what the Court has said." Appling then moved for a mistrial on the ground that the comments from the prosecuting attorney were improper. The trial court denied a mistrial on that basis, but indicated that it would reconsider a mistrial based on Shields' previous unresponsive testimony about probation. After further discussion with counsel, Appling moved for a mistrial, and the trial court granted the motion on the ground that the witness had spontaneously injected Appling's character into evidence.

> Where, as here, a mistrial is granted at the request of a criminal defendant, retrial is not prohibited on the basis of double jeopardy unless it is established that the State intended to goad the defendant into moving for a mistrial in order for the State to avoid a reversal due to prosecutorial or judicial error, or otherwise to obtain a more favorable chance of a guilty verdict on retrial. Whether the prosecutor intended to goad the defendant into moving for mistrial calls for the trial court to make a finding of fact by inferring the existence or nonexistence of intent from objective facts and circumstances. When the trial court sits as the factfinder, its resolution of factual issues will be upheld by the appellate court unless it is clearly erroneous. A trial court's findings of fact will not be deemed to be clearly erroneous if there is any evidence to support them, and this holds true even if the findings are based upon circumstantial evidence and the reasonable inferences which flow from them.[1]

In this case, the trial court's finding that the prosecutor did not intend to goad Appling into moving for a mistrial is not clearly erroneous. As Appling initially conceded at trial, his character was put in evidence by the witness' unresponsive answer to a question, not by any improper conduct of the prosecutor. Thereafter, the

---

[1] (Citations and punctuation omitted.) *Brown v. State*, 303 Ga. App. 814 (694 SE2d 385) (2010).

prosecutor's brief references to the trial court's instructions to the witness appear to have been made solely to prevent any further improper testimony by the unresponsive witness. As the state's attorney explained to the trial court,

> I have been . . . on my toes . . . throughout the testimony of Ms. Shields about improper things getting in, slipping in, nonresponsive to my questions. So I have worked very, very hard not to get anything in that is impermissible. It was out of an over abundance of caution that I was making sure that everything was permissible.

Moreover, the trial was at an early stage when Appling's motion for a mistrial was granted, with the state having not yet presented the testimony of numerous other witnesses, including the alleged victims. Under these circumstances, the trial court was authorized to find that "the State would have nothing to gain from delay and that the prosecutor was aggressively seeking a conviction, not a mistrial. [Thus], it cannot be said that the trial court erred in its . . . denial of [Appling's] plea in bar on the grounds of double jeopardy. [Cit.]"[2]

2. Appling's additional claim that the trial court erred in denying his motion for a mistrial on the basis of the prosecutor's comments is moot.

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED AUGUST 19, 2010 — 

*Glynn R. Stepp*, for appellant.
*Daniel J. Porter, District Attorney, Jay Hughes, Assistant District Attorney*, for appellee.

---

[2] *Roscoe v. State*, 286 Ga. 325, 327 (687 SE2d 455) (2009).
[1] *Arizona v. Gant*, ___ U. S. ___ (129 SC 1710, 173 LE2d 485) (2009).