A10A1807. FRYE v. THE STATE.
(706 SE2d 581)

ADAMS, Judge.

Joseph Frye filed a plea in bar on double jeopardy grounds asserting that the mistrial granted in his trial on a charge of theft by taking was induced by prosecutorial misconduct. The trial court denied the plea in bar, and Frye appeals that ruling.

On November 3, 2007, Frye pawned a car stereo for $30 at E Super Pawn in Douglasville. Tina Meadows, who was working in the pawn shop that day, inspected the stereo to see if it worked, checked Frye's identification and prepared a pawn ticket for the transaction. Meadows gave Frye a copy of the pawn ticket and the money for the radio, then stepped approximately 15 to 20 feet away to prepare an inventory control sticker for the radio. When she turned back, both Frye and the radio were gone. After Meadows checked with the other employees and determined that they had not moved the radio, she viewed the store's surveillance video. Afterward, the store employees checked the parking lot for Frye, but he was gone. Meadows called the phone number he had provided, but it was disconnected. She then called the police and reported the theft. Frye was subsequently arrested and charged with theft by taking.

Frye filed a motion in limine on the first day of trial, arguing that any testimony about the contents of the surveillance video would be hearsay and would violate the best evidence rule because

---

[17] *Williams*, supra, 287 Ga. at 193; see *Regent v. State*, 306 Ga. App. 616 (703 SE2d 81) (2010).

[18] See *Harper*, supra at 218 (1), (2).

[19] Supra.

the video was no longer available. At the hearing on this motion, the prosecutor represented that police responded to Meadows' call and took a report of the theft. Meadows reported to the responding officers that her review of the surveillance video showed Frye taking the car stereo, but at that time neither the police nor the store was able to access the video. By the time a detective returned to the store with a flash drive to properly download the video, the store's security system had automatically deleted it.

After hearing the party's argument, the trial court ruled that any testimony about what was shown on the videotape was inadmissible hearsay because the videotape was no longer available.[1] The State objected on the record to this ruling, moved for reconsideration, and asked the trial court to certify the issue for interlocutory review after the motion was denied. The prosecutor later acknowledged, however, that he did not have an opportunity for interlocutory appeal because the jury had been impaneled.

During Meadows' direct testimony at trial, the prosecutor questioned her in various ways about what she observed and what she concluded that day. He first asked her who she thought took the car stereo, but Frye objected that the question was speculative, and the trial court agreed. The prosecutor then asked, "[D]id you decide who took the radio?" But Frye raised another successful objection on the same ground. When the prosecutor asked, "did you think that Mr. Frye took the radio?," the trial court intervened without objection and directed the prosecutor to ask Meadows about facts not what she thought. The court further directed "[t]hat question should be stricken from the jury's mind."

The prosecutor next asked Meadows what she did after checking to see if the other employees had the stereo. Meadows responded that she checked the video. Frye again objected, but the trial court ruled that Meadows could testify "as to what she did." But the judge cautioned the prosecutor to "bear in mind my earlier rulings." Shortly thereafter, the prosecutor asked, "So you had figured out [Frye] had stolen the radio?" Frye objected, and the trial court sent the jury out. The trial court told the prosecutor that "the cumulative effect of your questions is coming really close to just blatantly disobeying my ruling."

At that point, Frye's counsel made a motion for a mistrial. The prosecutor countered that the matter could be addressed with a limiting instruction. The trial court decided to break for the day, release the jury and take the transcript home to read before issuing

---

[1] The propriety of the trial court's ruling in this regard is not before us, and we expressly do not address that issue.

a ruling. The prosecutor renewed his motion asking the court to reconsider its hearsay ruling. The next morning, the trial court denied the State's motion and granted Frye's motion for mistrial. However, the court expressly attributed the prosecutor's behavior to "zeal and not any kind of sinister motive."

In the order denying Frye's plea in bar, the trial court reiterated its earlier conclusion that the prosecutor's "improper line of conduct stemmed from his inexperience or over zealousness, or a combination of both, and lacked any sinister or malicious intent." The trial court further stated that it found no evidence that the prosecutor's actions were intentional or that they were undertaken for the purpose of subverting the protections offered by the Double Jeopardy Clause.

> Where, as here, a mistrial is granted at the request of a criminal defendant, retrial is not prohibited on the basis of double jeopardy unless it is established that the State intended to goad the defendant into moving for a mistrial in order for the State to avoid a reversal due to prosecutorial or judicial error, or otherwise to obtain a more favorable chance of a guilty verdict on retrial. Whether the prosecutor intended to goad the defendant into moving for mistrial calls for the trial court to make a finding of fact by inferring the existence or nonexistence of intent from objective facts and circumstances. When the trial court sits as the fact-finder, its resolution of factual issues will be upheld by the appellate court unless it is clearly erroneous. A trial court's findings of fact will not be deemed to be clearly erroneous if there is any evidence to support them, and this holds true even if the findings are based upon circumstantial evidence and the reasonable inferences which flow from them.

(Citations and punctuation omitted.) *Brown v. State*, 303 Ga. App. 814 (694 SE2d 385) (2010). "It doesn't even matter that [the prosecutor] knows he is acting improperly, provided that his aim is to get a conviction. The only relevant intent is the intent to terminate the trial, not the intent to prevail at trial by impermissible means." (Citation and punctuation omitted.) *State v. Traylor*, 281 Ga. 730, 732 (642 SE2d 700) (2007).

In this case, the trial court's finding that the prosecutor did not intend to goad Frye's attorney into moving for a mistrial is not clearly erroneous. After the defense moved for the mistrial, the prosecutor argued against it, saying it was a last resort, and instead suggested that limiting instructions would cure the problem. He also asked that he be allowed to instruct his witness not to mention the

videotape anymore. This evidence supports the trial court's finding that the prosecutor's actions were not designed to provoke a mistrial. "Even [if] the trial court may have been authorized [by the record] to reach the opposite result, we will affirm if there is evidence to support the trial court's finding." (Citation omitted.) *Steward v. State*, 251 Ga. App. 657, 658 (555 SE2d 33) (2001).

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 22, 2011.

*Wesley M. Woolverton, Erin K. Lanning*, for appellant.

*Brian K. Fortner, Solicitor-General, Matthew C. Krull, Assistant Solicitor-General*, for appellee.