A11A1446. WILLIAMS v. THE STATE.
(717 SE2d 264)

MILLER, Presiding Judge.

Gregory McDonald Williams appeals the trial court's order denying his plea in bar based upon double jeopardy grounds. He contends that a retrial was barred since the State goaded him into moving for a mistrial. Since the record evidence supports the trial

court's decision, we affirm.

"The appellate standard of review of a grant or denial of a double jeopardy plea in bar is whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's findings support its conclusion." (Citations and punctuation omitted.) *Allen v. State*, 302 Ga. App. 852 (691 SE2d 908) (2010).

In this case, Williams was charged with speeding (OCGA § 40-6-181 (b) (5)), an open container violation (OCGA § 40-6-253 (b) (1)), and driving under the influence (OCGA § 40-6-391 (a) (1), (5)). A jury trial ensued. During closing arguments, the prosecutor incorrectly asserted that Williams "had some margaritas at 2:00[,]" which misstated the evidence that had been presented at trial.[1] Williams did not interpose a timely objection when the misstatement was made. Rather, Williams's counsel did not discover the misstatement until after the jury had retired for deliberations, at which time he reviewed the videotape of Williams's traffic stop to determine what statements were made concerning Williams's alcohol consumption. When Williams's counsel raised the issue, the prosecutor acknowledged his mistake and moved for a mistrial. Williams's counsel initially opposed the mistrial motion, contending that a mistrial was not necessary and further stating that he knew that "the prosecution didn't make th[e] error to goad [the defense] into moving to mistrial[.]" The trial court denied the State's motion for a mistrial, but considered alternative curative actions.[2]

As a form of curative action, Williams's counsel proposed that the videotape evidence be replayed for the jury. The trial court, however, declined to replay the videotape in the absence of the jury's request.[3] The trial court recessed the proceedings to allow counsel an

---

[1] The trial transcript shows that a videotape of Williams's traffic stop was admitted into evidence and was played for the jury at trial. In his closing argument, the prosecutor replayed the videotape and directed the jury to listen to certain statements that Williams had made during the stop. The videotape, however, has not been included in the appellate record for our review, and thus, we are unable to determine what statements were made and referenced. Nevertheless, the prosecutor later conceded that he had misunderstood and misstated the videotape evidence. The trial transcript otherwise reflects that Williams admitted that he had consumed two and a half 12-ounce bottles of beer, rather than margaritas, prior to the stop.

[2] In its jury charge, the trial court had previously instructed the jurors to determine the facts of the case from all of the evidence presented, and that counsels' closing arguments did not constitute evidence.

[3] At the time of trial, the trial court and counsel were unaware that the jurors had in fact expressed a desire to review the videotape during their deliberations. Williams later introduced an affidavit and testimony from one of the trial jurors, who stated that they had asked the bailiff whether they could see the videotape again. The bailiff had responded, without authority, that they were not allowed to review the videotape. The record otherwise reflects that several written questions from the jury were presented to the trial court for a response, but none of those questions sought to have the videotape replayed. Although the bailiff's response to the jurors' request was improper and unauthorized, such has no bearing upon the

opportunity to discuss other alternatives. When the proceedings resumed, Williams's counsel announced that he was joining in the State's motion for a mistrial, in light of the trial court's denial of his request to replay the videotape to the jury. In the absence of any further suggestions for resolving the issue, the trial court granted the joint motion for a mistrial.

Thereafter, Williams filed a plea in bar, contending that double jeopardy barred his further prosecution. The trial court denied the motion, finding that the prosecutor's mistake was not intentional and was not intended to goad Williams into making a motion for mistrial.

We discern no error. As an initial matter, to the extent that Williams subsequently consented to and joined in the State's motion for a mistrial, he could not later use the mistrial as the basis for a plea of double jeopardy. See *Bellew v. State*, 304 Ga. App. 529, 532 (1) (697 SE2d 249) (2010). Notwithstanding Williams's contention that he was goaded into joining the mistrial motion, no basis for reversal has been shown.

> Where, as here, a mistrial is granted at the request of a criminal defendant, retrial is not prohibited on the basis of double jeopardy unless it is established that the State intended to goad the defendant into moving for a mistrial in order for the State to avoid a reversal due to prosecutorial or judicial error, or otherwise to obtain a more favorable chance of a guilty verdict on retrial. Whether the prosecutor intended to goad the defendant into moving for mistrial calls for the trial court to make a finding of fact by inferring the existence or nonexistence of intent from objective facts and circumstances. When the trial court sits as the fact-finder, its resolution of factual issues will be upheld by the appellate court unless it is clearly erroneous. A trial court's findings of fact will not be deemed to be clearly erroneous if there is any evidence to support them, and this holds true even if the findings are based upon circumstantial evidence and the reasonable inferences which flow from them.

(Citations and punctuation omitted.) *Frye v. State*, 308 Ga. App. 35, 37 (706 SE2d 581) (2011). See also *Oregon v. Kennedy*, 456 U. S. 667 (102 SC 2083, 72 LE2d 416) (1982).

The record in this case supports the trial court's finding that the

---

plea in bar issue since the exception to retrial "was not meant to be extended to embrace conduct other than that of the judge and the prosecutor." (Citation and punctuation omitted.) *State v. Traylor*, 281 Ga. 730, 733 (642 SE2d 700) (2007).

prosecutor's mistake was unintentional and was not intended to goad Williams's counsel into moving for a mistrial. The record reflects that the prosecutor's mistake was neither blatant, deliberate, nor made in bad faith. No objection was raised at the time that the mistake was made. And when Williams's counsel later discovered and raised the issue, he likewise expressed a belief that the prosecutor's misstatement was "unintentional" and that "the prosecution didn't make th[e] error to goad [the defense] into moving to mistrial[.]" The evidence thus reflects that "[a]lthough the prosecutor was mistaken or confused as to the [evidence regarding the type of alcoholic beverage that Williams consumed], the record shows the prosecutor's mistake[ ] [was] made in good faith and reveals the state's intention was not to provoke mistrial." (Citation and punctuation omitted.) *State v. Oliver*, 188 Ga. App. 47, 51 (3) (372 SE2d 256) (1988). See also *Mathis v. State*, 276 Ga. App. 587, 588 (623 SE2d 674) (2005) (concluding that retrial was not barred since the prosecutor's improper comments during closing argument were not made with an objective to abort the trial and subvert double jeopardy protections).

Moreover, "the prosecution had already built its case against the defendant and had no reason to abort the first trial by forcing a mistrial." (Citation and punctuation omitted.) *Oliver*, supra, 188 Ga. App. at 52 (3). Regardless of the type of alcoholic beverage that Williams had consumed, the evidence was sufficient to support the charged offenses. See OCGA §§ 40-6-181 (b) (5); 40-6-253 (b) (1); 40-6-391 (a) (1), (5). Under these circumstances, the prosecutor's mistaken argument appears to have been made in a zealous attempt to obtain a conviction, rather than to force a mistrial. See *Roscoe v. State*, 286 Ga. 325, 327 (687 SE2d 455) (2009) (affirming the denial of the defendant's plea in bar since the evidence established that the prosecutor's erroneous opening statements were made while aggressively seeking a conviction, not a mistrial); *State v. Traylor*, 281 Ga. 730, 734 (642 SE2d 700) (2007) (concluding that defendant's retrial was not barred since there was no evidence to support a finding that the prosecutor's misconduct was intended to terminate the trial, rather than enhance the likelihood of conviction).

Since the evidence supports the trial court's findings that the prosecutor's mistake did not rise to the level of intentional prosecutorial misconduct and was not intended to subvert double jeopardy protections, we affirm the denial of Williams's plea in bar.

*Judgment affirmed. Ellington, C. J., and Doyle, J., concur.*

DECIDED SEPTEMBER 8, 2011 —
RECONSIDERATION DENIED SEPTEMBER 27, 2011 —

*Allen M. Trapp, Jr.*, for appellant.

*Robert Stokely, Solicitor-General, Sandra N. Wisenbaker, Assistant Solicitor-General*, for appellee.